**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re

CUSTOMS AND TAX ADMINISTRATION
OF THE KINGDOM OF DENMARK
(SKATTEFORVALTNINGEN) TAX REFUND
SCHEME LITIGATION

This document relates to case nos.: 18-cv-04051;
18-cv-09840; 18-cv-09841; 18-cv-10098;
19-cv-01812; 19-cv-01866; 19-cv-01898.

MASTER DOCKET

18-md-2865 (LAK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-20-2023

## NOTICE OF PLAINTIFF SKATTEFORVALTNINGEN'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

**PLEASE TAKE NOTICE** that, upon the accompanying Memorandum of Law, dated April 29, 2022, the Joint Rule 56.1 Statement of Undisputed Material Facts in Support of Motions for Summary Judgement, dated April 22, 2022 [No. 18-md-2865, ECF No. 790], Plaintiff Skatteforvaltningen's Supplemental Local Rule 56.1 Statement of Undisputed Material Facts in Support of its Motion for Partial Summary Judgment, dated April 29, 2022, and the Declaration of Marc A. Weinstein, dated April 29, 2022, with all exhibits thereto, plaintiff Skatteforvaltningen, by its undersigned attorneys, will move the Court before the Honorable Lewis A. Kaplan at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, Courtroom 21B, at a date and time to be determined by the Court, for an order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting it partial summary judgment (i) in the case captioned *Skatteforvaltningen v. RJM Capital Pension Plan, et al.*, No. 19-cv-01898, on its money had and received claims against defendants RJM Capital Pension Plan and Richard Markowitz, with prejudgment interest, and the false statement of material fact element of its fraud and negligent misrepresentation claims; (ii) in the case captioned

Memorandum Endorsement

*In re Customs, etc.*, 18-md-2865
This document applies to: 18-cv-04051,
18-cv-09840, 18-cv-09841, 18-cv-10098,
19-cv-01812, 19-cv-01866, 19-cv-01898.

SKAT seeks summary judgment against the bellwether defendants on: "(i) its money had and received claims against certain defendants in the New York Solo bellwethers; (ii) its unjust enrichment claims against the defendants in the Florida Solo bellwether; (iii) its money had and received claims against certain defendants in the Utah ED&F bellwethers; and (iv) the material misrepresentation of fact element of its fraud and negligent misrepresentation claims in all the bellwethers."[1]

For the reasons discussed in the Court's decision denying the bellwether defendants' consolidated motion for summary judgment (Dkt 924), SKAT's motion is denied. First, there is a genuine issue of material fact as to whether the Danish shares that the bellwether defendants claim they beneficially owned in fact existed. Second, with respect to SKAT's money had and received claims against the New York Solo Bellwether defendants specifically, "[t]he Court need not and does not now determine whether SKAT's payment by mistake, unjust enrichment, and money had and received claims are equitable because, under New York law, its legal claims, which seek the same monetary relief as its restitution claims, must be decided first."[2] Third, to the extent that SKAT's claims raise issues of foreign law for the Court to decide pursuant to Federal Rule of Civil Procedure 44.1, the Court need not and does not decide those questions at this time.[3]

SKAT's motion for partial summary judgment (Dkt 814) accordingly is denied.

SO ORDERED.

Dated: November 20, 2023

/s/ Lewis A. Kaplan
Lewis A. Kaplan
United States District Judge

---

[1] Dkt 817 (Pl. Mem.) at 1.

[2] Dkt 924 at 40 n. 68.

[3] *E.g.*, Dkt 924 at 35 n. 54 ("To the extent that the questions of whether SKAT and the Kingdom of Denmark are the same legal entity and/or SKAT is otherwise entitled to bring these claims on behalf of the Kingdom of Denmark are issues of foreign law for the Court to decide pursuant to Federal Rule of Civil Procedure 44.1, the Court need not and does not decide these questions at this time.").