# Exhibit 37

Selskabsskatteloven:

§ 2. Skattepligt i henhold til denne lov påhviler endvidere selskaber og foreninger m.v. som nævnt i § 1, stk. 1, der har hjemsted i udlandet, for så vidt de

c) oppebærer udbytte omfattet af ligningslovens § 16 A, stk. 1 og 2, bortset fra udbytte fra investeringsinstitutter med minimumsbeskatning omfattet af ligningslovens § 16 C, der udelukkende investerer i fordringer omfattet af kursgevinstloven, aktier i det administrationsselskab, der forestår investeringsinstituttets administration, afledte finansielle instrumenter efter Finanstilsynets regler herom og beviser i investeringsinstitutter med minimumsbeskatning omfattet af ligningslovens § 16 C, der udelukkende investerer i aktiver som nævnt i denne bestemmelse, eller oppebærer afståelsessummer omfattet af ligningslovens § 16 B, stk. 1. Som udbytte behandles tillige tilskud til koncernforbundne selskaber, jf. § 31 D, hvis tilskudsmodtageren, såfremt denne var moderselskab til tilskudsyderen, ville være skattepligtig af udbytte efter denne bestemmelse. Skattepligten omfatter ikke udbytte af datterselskabsaktier, jf. aktieavancebeskatningslovens § 4 A, når beskatningen af udbytter fra datterselskabet skal frafaldes eller nedsættes efter bestemmelserne i direktiv 2011/96/EU om en fælles beskatningsordning for moder- og datterselskaber fra forskellige medlemsstater eller efter en dobbeltbeskatningsoverenskomst med Færøerne, Grønland eller den stat, hvor moderselskabet er hjemmehørende. Skattepligten omfatter endvidere ikke udbytte af koncernselskabsaktier, jf. aktieavancebeskatningslovens § 4 B, der ikke er datterselskabsaktier, når det udbyttemodtagende koncernselskab er hjemmehørende i en stat, der er medlem af EU/EØS, og udbyttebeskatningen skulle være frafaldet eller nedsat efter bestemmelserne i direktiv 2011/96/EU eller dobbeltbeskatningsoverenskomsten med den pågældende stat, hvis der havde været tale om datterselskabsaktier. Skattepligten omfatter endvidere ikke udbytte, som oppebæres af deltagere i moderselskaber, der er optaget på listen over de selskaber, der er omhandlet i artikel 2, litra a, nr. i, i direktiv 2011/96/EU om en fælles beskatningsordning for moder- og datterselskaber fra forskellige medlemsstater, men som ved beskatningen her i landet anses for at være transparente enheder. Det er en betingelse, at selskabsdeltageren ikke er hjemmehørende her i landet. 3. og 4. pkt. finder ikke anvendelse, hvis udbyttet fra det danske selskab er en videreudlodning af udbytte, som dette selskab har modtaget direkte eller indirekte af datterselskabsaktier eller koncernselskabsaktier, jf. aktieavancebeskatningslovens §§ 4 A og 4 B, i et selskab hjemmehørende i udlandet, og det danske selskab ikke var retmæssig ejer af det modtagne udbytte. Dette gælder dog ikke, hvis beskatningen af udbytteudlodningen fra det danske selskab skal frafaldes efter bestemmelserne i direktiv 2011/96/EU.

**The Danish Corporation Tax Act**

§ 2. In accordance with this Act, companies and associations, etc. as mentioned in § 1, para. 1, which have their registered office in another country, are also liable for tax, in so far as they,

c) receive dividends according to § 16a, para. 1 and 2 of the Danish Tax Assessment Act, excluding dividends from undertakings for collective investment with minimum taxation according to § 16c of the Danish Tax Assessment Act, which invests exclusively in receivables covered by the Danish Capital Gains Taxation Act, shares of the management company in charge of the administration of the undertaking for collective investment, derivative financial instruments, in accordance with the rules of the Danish Financial Supervisory Authority and certificates of undertakings for collective investment with minimum taxation according to § 16c of the Danish Tax Assessment Act, which invests exclusively in assets as mentioned in this provision, or collects sales income according to § 16b, para. 1. Payments to intra-group companies are also treated as dividends, cf. § 31d, if the recipient, if it were the parent company of the payer, would be liable for tax on dividends under this provision. Dividends received on shares from subsidiaries qualifying under § 4a of the Danish Capital Gains Taxation Act, are not subject to tax under this provision, if the taxation of dividends from the subsidiary would be waived or reduced, in accordance with the provisions of Directive 2011/96/EU regarding a common taxation scheme for parent and subsidiary companies of different Member States or under a double taxation agreement with the Faroe Islands, Greenland or the State in which the parent company is resident. The tax liability, furthermore, does not include dividends from group companies, cf. § 4b of the Danish Capital Gains Taxation Act, which are not qualifying subsidiaries when the dividend receiving group company is a resident of an EU/EEA member state and the taxation of the dividend should be waived or reduced, in accordance with the provisions of Directive 2011/96/EU or according to a double taxation agreement with the respective State, if subsidiary shares were in question. The tax liability further does not include dividends received by owners of parent companies mentioned in the list of companies referred to in Article 2(a)(i) of Directive 2011/96/EU regarding a common taxation scheme for parent companies and subsidiaries from different Member States, but which, for tax purposes here in our country, are considered as transparent entities. It is a condition that the shareholder is not resident here in our country. Pts. 3 and 4 do not apply if the dividend from the Danish company is an onward distribution of a dividend received directly or indirectly from subsidiaries or group companies, cf. §§ 4a and 4b of the Danish Capital Gains Tax Act, domiciled abroad and the Danish company was not the beneficial (rightful) owner of the dividend received. However, this does not apply if the taxation of the dividends from the Danish company is to be waived in accordance with the provisions of Directive 2011/96/EU.