# Exhibit 38

# Reset - Dividend tax - A-income - main shareholder and spouse

Fold in the table of contents

Previous instance: (SKM2011.261.VLR) Judgment of the Western High Court of 8 April 2011, 4th division, B-0771-10 and B-1700-10

Previous instance: (SKM2009.575.LSR) Order of the National Tax Tribunal of 27 August 2009, 08-02073

| | |
|---|---|
| Date of release | 17 May 2013 11:05 |
| Date of judgment / ruling / decision / control signal | 22 Mar 2013 08:51 |
| SKM number | SKM2013.294.HR |
| Authority | Supreme Court |
| Case number | Section 2, 155/2011 |
| Document type | Dom |
| Overall topics | treasure |
| Topics Topics | The employer's special duties + Companies + When to complain |
| Keywords | Reset, rejection, suspension of payments, dividend, reality, process, identification |
| Summary | The judgment concerns whether SKAT could reset withheld but not settled dividend tax to the spouse who owned the company - the husband. The judgment also concerned whether it was possible to reset the withheld but not settled A-tax on wages to the wife who was employed by the company.<br><br>The National Tax Court had found that the case law regarding resetting of A-tax, cf. UfR 1981.473 H, in connection with withheld but not paid A-tax to persons with a significant financial interest in the company, did not apply fsva. contained but not settled dividend tax ( SKM2009.575.LSR ). The Ministry of Taxation brought this ruling before the courts, and the case was, at the request of the Ministry, referred to the High Court as a matter of principle.<br><br>The Supreme Court ruled that the considerations that justify the reset practice for A-taxes, cf. UfR 1981.473 H, apply correspondingly to dividend tax.<br><br>In terms of evidence, the Supreme Court held that the man at the time of the dividend knew or should have known that the company would not be able to fulfill the obligation to pay withheld dividend tax, nor was there any prospect that the company would later be able to cover the obligation.<br><br>The Supreme Court further found that a reset could be made against the wife fsva. her withheld but not paid A taxes. On the basis of the information about the spouses' circumstances, the Supreme Court found that the husband's knowledge at the time of the salary payment had to lead to SKAT having rightly excluded the withheld but not paid A-taxes. |
| Reference (s) | Withholding Tax Act § 60 |
| | |
| Reference | The Legal Guide 2013-1 GA3.3.8 |
| Reference | The Legal Guide 2013-1 AA10.3.4 |

**Parties**

A and B
(lawyer Leo Jantzen)

(lawyer Leo Jantzen)

against

Ministry of Taxation
(chamber lawyer v / lawyer Steffen Sværke)

**Judged by the Supreme Court judges**

Jytte Scharling, Marianne Højgaard Pedersen, Jens Peter Christensen, Henrik Waaben and Kurt Rasmussen.

In a previous instance, a judgment was handed down by the 4th District Court of the Western High Court on 8 April 2011.

**Background to the case and the allegations of the parties**

*Appellant A* has claimed acquittal, however, he acknowledges that his share income from H1 ApS for the income year 2004 is increased by DKK 45,714 and for the income year 2005 is increased by DKK 30,000, and that for the income year 2005 he must pay DKK 8,400 with process interest.

*Appellant B* has reiterated her claim that there should be no reset of withheld but not paid A-tax and AM-contribution in her income from H1 ApS for the income years 2003 and 2004.

*The Ministry of Taxation* has claimed confirmation and reiterated its subsidiary claim.

A has dropped before the Supreme Court his claim of inadmissibility and his plea of legitimate expectation.

**Supplementary case presentation**

Appraiser, state-authorized real estate agent & valuer NJ, has on March 16, 2012 answered some questions about the value of the property ... 3. At free trade in April 2004, the trade value is estimated at DKK 1.6 million. At a forced auction sale in April 2004, the value is estimated at DKK 1.39 million. DKK, which corresponds to the bid amount at the forced auction in November 2004.

Annual accounts for 2002/03 have been submitted for H3 eignomme ApS. In the annual accounts, the management's financial statement is signed by B as the Executive Board, and it appears from the accounts, among other things. that the properties ... 2 and ... 1 were sold at the end of the financial year on 30 September 2003.

The legal basis

The Withholding Tax Act, cf. now Executive Order no. 1403 of 7 December 2010, states, among other things:

"...

Section V

Collection of income tax, etc.

...

§ 46. In connection with any payment of A-income, it must, on whose account the payment is made, include preliminary tax in the amount paid. The obligation to withhold payment of A-income pursuant to section 43, subsection 2, letter h, it is the responsibility of the person for whom the work is performed. The deduction is made by the withholding agent calculating the amount to be withheld and withholding this amount from the A-income.

...

§ 60. In the final tax, which is charged for the taxpayer for one year, with the addition of any transferred residual tax, etc. according to § 61, para. 3, and after deduction of any amount transferred pursuant to § 62 C, para. 2, 2nd sentence, the following amounts are offset against the same year:

a) Provisional tax amounts, which are included in A-income and income subject to labor market contributions, which must be included in the taxpayer's employment for final tax.

...

d) Those in § 67, para. 1, 1st sentence, the said amount.

...

Section VI

About withholding in share dividends etc.

§ 65. In connection with any decision or decision on payment or crediting of dividends on shares or participations in companies or associations, etc. covered by the Corporation Tax Act § 1, paragraph. 1, nos. 1, 2, 2 e, 2 h and 4, the company or association etc. in question must contain 28 per cent of the total dividend, unless otherwise stipulated pursuant to subsection (1). 4 or follows from para. 5-8.

...

§ 67. If someone who is liable to tax pursuant to § 1 has acquired dividends in which dividend tax has been included pursuant to § 65, the dividend tax is set off against the final tax, cf. § 60, subsection 1, letter d. Is the withheld dividend tax final payment of the tax, cf. the Personal Income Tax Act § 8 a, paragraph. 1, the amount is not included in the final tax, and no set-off is made in accordance with the first sentence.

...

Section VII

Liability and recovery provisions

§ 68. If there has been no withholding of A-tax or labor market contribution in A-income or income subject to labor market contribution as acquired by a taxable person in this country, or if withholding has taken place with too low an amount, the acquirer must immediately pay the missing amount to the public .

... "

**Justification and result of the Supreme Court**

The Supreme Court finds that the considerations that justify the practice of resetting withheld A-tax, which was established by the Supreme Court's judgment of 26 May 1981 (UfR 1981.473), apply correspondingly to dividend tax.

For the reasons stated by the High Court, and since what has emerged before the Supreme Court cannot lead to a different result, the tax authorities have rightly disregarded the entry in the company's accounts of withheld dividend tax of the dividend distributed to A. Han can therefore not set off the withheld dividend tax in the final tax and can therefore not be considered released from the tax liability according to the rules in the withholding tax act, section 60, subsection. 1.

On the basis of the information about the spouses' relationship, the Supreme Court agrees that A´'s knowledge at the time of the salary payment to B must lead to the tax authorities having rightly disregarded the entries made in the company's accounts of withheld but not settled A-tax and AM contribution. As an employee, B is no longer exempt from tax liability in accordance with the rules in the Withholding Tax Act, section 60, subsection. 1.

The Supreme Court therefore upholds the judgment.

**T hi is known for right**

The judgment of the High Court is upheld.

In legal costs before the Supreme Court, A must pay DKK 25,000 and B DKK 20,000 to the Ministry of Taxation.

The amounts awarded must be paid within 14 days of the Supreme Court ruling.

The legal costs are interest-bearing in accordance with section 8 a of the Danish Interest Act.