# Exhibit 46



# CF8.2.2.10.3.2 Tax law for the country in which the distributing company is domiciled (country of source)

| | |
|---|---|
| **Version** | 2014-2 |
| **ISBN number** | 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-809-1 |
| **Place of printing** | The guide is not printed - only available on skat.dk |
| **Document type** | Legal guidance |

# Contents

This section deals with the tax law of the country in which the distributing company is domiciled.

The section contains:

- Main rule
- Exceptions
- Overview of the source country's taxation of dividends in Danish DBOs
- Recovery of Danish dividend tax
- Recovery of foreign dividend tax.

# Main rule

The country in which the distributing company is domiciled may tax the recipient of the dividends. However, the tax may not exceed 15 per cent. of the gross amount of the dividend. See Article 10 (1) of the Model Agreement. 2, letter b.

## Note

The rate of 15 pct. is the starting point of the model agreement for ordinary shareholders. Some Danish DBOs contain other percentages for ordinary shareholders.

As a rule, the DBO's rate does not regulate the individual country's provisions on withholding tax on dividends. However, some countries have entered into special agreements on this.

If a source country contains tax on dividends at a higher rate than agreed in the DBO, the overpaid tax can be recovered. See below in the section on withholding tax.

## Also see

See also section

- **CF3.1.7** on limited tax liability of dividends
- **C.3.1** on withholding of dividend tax
- **AB4.1.4.2** on repayment of Danish dividend tax
- **SKM2012.117.SKAT** on net withholding of dividend tax.

# Exceptions

The country in which the distributing company is domiciled (the source country) may, in the case of certain shareholders,

- refrain from taxing the dividends they receive, or
- tax the dividends they receive, but at a lower rate than that of ordinary shareholders.

There are many exceptions and many different tax rates in the Danish DBOs. The most important and common exceptions are listed below. The enumeration is not exhaustive. The special rules are discussed under the individual countries' DBOs.

## Subsidiary dividend

4/27/22, 4:37 PM   Point out of C.2.8.2.1.3: Tax law for the country in which the distributing company is domiciled (source country) [2014-2]

Case 1:18-md-02865-LAK   Document 801-46   Filed 05/12/22   Page 3 of 7

Dividends that a subsidiary in one country pays to its parent company in the other country, the source country can typically tax at a lower percentage. In the model agreement, the percentage is 5. See Article 10, para. 2, letter a.

In a number of recent Danish DBOs, the percentage is 0. This means that the source country must not tax subsidiary dividends.

In this context, a company is the parent company if it owns a certain share of the capital in the other company. In the model agreement, this ownership share is set at 25 per cent. In a number of newer Danish DBOs, the proportion is 10 per cent. The term capital is basically to be understood as referring to what is capital under company law. See point 15 of the commentary to Article 10 of the Model Agreement for details.

Article 10 (1) of the Model Agreement 2, letter a, does not require that the parent company must have owned the capital in the subsidiary for a period. In a number of newer Danish DBOs, on the other hand, a certain period of ownership is required, eg one year prior to the distribution. See also point 16 of the commentary on Article 10 of the Model Agreement.

## States and state institutions

Some Danish DBOs contain a provision that exempts

- the other state
- its central bank
- other public authorities and public institutions controlled by the government of the other State, from taxation in the source country.

The provision can be either a special paragraph in Article 10 or a letter under Article 10 (1). 2, where the percentage for the taxation of the source country is set to 0.

Many countries refrain in their own legal system from taxing dividends that a company in the country pays directly to the state in the other country or to state institutions in the other country such as the country's national bank. Denmark and many other countries do so because the foreign state is considered to be covered by the principle of immunity attached to foreign states. See clauses 6.38 and 6.39 in the commentary to Article 1 of the Model Agreement. See also TfS 1994, 236 DEP and section **CF8.2.2.1.4** on the extent to which states and other public authorities and institutions are covered by the Model Agreement.

However, a number of countries can only refrain from taxing dividend payments to other states, etc., if there is a special legal basis for this in the DBO.

## Pension funds

A number of newer Danish DBOs contain a provision that exempts dividends paid to pension funds and other tax-recognized pension schemes in the other country from the source country's dividend taxation. The provision typically stands as a letter under Article 10 (1) of the Model Agreement. 2, where the percentage for the taxation of the source country is set to 0.

For Danish taxation of pension returns, see section **CG3.3.4** . on tax paid to a foreign state, Greenland or the Faroe Islands.

## Also see

See also section

- **CF8.1.1** on source country, country of residence and what it means to have the right to tax
- **CF8.2.2.1.4** (Article 1) on States, other public authorities and institutions
- **CF8.2.2.4** (Article 4) on tax domicile.

# Overview of the source country's taxation of dividends in Danish DBOs

Below is an overview of percentages for the source country's taxation of dividends in the Danish DBOs. The overview contains the percentage for ordinary shareholders and if special exceptions have been inserted in the article.

For details, refer to the individual DBOs. See section **CF9.2** .

| Country | Alm. shareholder (Indicated in pct.) | Parent / subsidiary relationship (owns at least 25 per cent of the capital) (Indicated in per cent) | State, public institutions, etc. (Indicated in pct.) | Pension fund and the like (Indicated in pct) |
|---|---|---|---|---|
| Argentina | 15 | 10 | | |
| Australia | 15 | 15 | | |
| Bangladesh | 15 | 10 [1] | | |
| Belarus | 15 | 15 | | |
| Belgium | 15 | 0 | | |
| Brazil | 25 | 25 | | |
| Bulgaria | 15 | 5 | | |
| Canada | 15 | 5 | | |
| Chile | 15 | 5 | | |
| Cyprus | 15 | 0 [1] | 0 | 0 |
| Egypt | 20 | 15 | | |
| Estonia | 15 | 5 | | |
| Phillipines | 15 | 10 | | |
| Finland (Norden) | 15 | 0 [1] | | |
| Faroe Islands (Norden) | 15 | 0 [1] | | |
| Georgia | 10 | 0/5 [2] | 0 | |
| Greece | 18 | 0 | | |
| Greenland | 15 [3] | 0 [3] | | |
| India | 25 | 15 | | |
| Indonesia | 20 | 10 | | |
| Ireland | 15 | 0 | | |
| Iceland (Norden) | 15 | 15 | | |
| Israel | 10 | 0 [1] | 0 | 0 |
| Italy | 15 | 0 | | |
| Jamaica | 15 | 10 | | |
| Japan | 15 | 10 | | |
| Yugoslavia | 15 | 5 | | |
| Kenya | 30 | 20 | | |
| China | 10 | 10 | | |

4/27/22, 4:37 PM	Printout of C.2.8.2.10.3.2 Tax law for the country in which the distributing company is domiciled (source country) [2014-2]

Case 1:18-md-02865-LAK   Document 801-46   Filed 05/13/22   Page 5 of 7

| | | | | |
|---|---|---|---|---|
| Kyrgyzstan (SNG) | 15 | 15 | | |
| Korea (South) | 15 | 15 | | |
| Croatia | 10 | 5 | | 5 |
| Latvia | 15 | 5 | | |
| Lithuania | 15 | 5 | | |
| Luxembourg | 15 | 5 | | |
| Macedonia | 15 | 5 | | 0 |
| Malaysia | 0 | 0 | | |
| Malta | 15 | 0 | | |
| Morocco | 25 | 10 | | |
| Mexico | 15 | 0 | | |
| Montenegro (Yugoslavia) | 15 | 5 | | |
| The Netherlands | 15 | 0 [1)] | | |
| New Zealand | 15 | 15 | | |
| Northern Ireland (Large) | 15 | 0 | | |
| Norway (Norden) | 15 | 0 [1)] | | |
| Pakistan | 15 | 15 | | |
| Poland | 15 | 0 | | 5 |
| Portugal | 10 | 0 | | |
| Romania | 15 | 10 | | |
| Russia | 10 | 10 | | |
| Switzerland | 15 | 0 [1)] | | 0 |
| Serbia | 15 | 5 | | |
| Singapore | 10 | 0 | | 5 |
| Slovakia (Czechoslovakia) | 15 | 15 | | |
| Slovenia | 15 | 5 | | 5 |
| Sri Lanka | 15 | 15 | | |
| United Kingdom | 15 | 0 | | |
| Sweden | 15 | 0 [1)] | | |
| South Africa | 15 | 5 | | |
| Taipei / Taiwan | 10 | 10 | | |
| Tanzania | 15 | 15 | | |
| Thailand | 10 | 10 | | |
| Czech Republic (Czechoslovakia) | 15 | 15 | | |

| | | | | |
|---|---|---|---|---|
| Trinidad & Tobago | 20 | 10 | | |
| Tunisia | 15 | 15 | | |
| Turkey | 20 | 15 | | |
| Germany | 15 | 0/5 [4] | | |
| Uganda | 15 | 10 | 0 | |
| Ukraine | 15 | 5 | | |
| Hungary | 15 | 5 | | |
| USA | 15 | 0/5 [5] | | |
| Venezuela | 15 | 5 | | |
| Vietnam | 15 | 5/10 [6] | | |
| Zambia | 15 | 15 | | |
| Austria | 15 | 0 [1] | | |

1) Parent / subsidiary relationship: only requirement that the parent company owns at least 10 per cent. of the capital of the company paying the dividend.

2) Georgia, Article 10 (parent / subsidiary relationship): 5 per cent. of the dividend if the rightful owner is a company which directly or indirectly owns at least 10 per cent. of the capital of the company that pays the dividend and has invested more than 100,000 euros in the capital of the company that pays the dividend. 0 pct. of the dividend if the rightful owner is a company which directly or indirectly owns at least 50 per cent. of the capital of the company that pays the dividend and has invested more than 2 million euros in the capital of the company that pays the dividend.

3) Greenland, Article 10: The article differs significantly from the other DBOs. The main rule is stated. See the Danish-Greenlandic DBO article 10 for the detailed conditions.

4) Germany, Article 10: 0 pct. of dividends if complies with the EU Parent Company Directive. 5 pct. of the dividend if the rightful owner is a company which directly or indirectly owns at least 10 per cent. of the capital of the company paying the dividend.

5) United States, Article 10: Significantly different from the other DBOs. 5 pct. if the rightful owner is a company that directly owns at least 10 per cent. of the share capital of the company paying the dividend. Under special conditions, dividends cannot be taxed. See the Danish-American DBO article 10, para. 3 for the detailed conditions.

6) Vietnam, Article 10: 5 pct. of the dividend if the rightful owner is a company which directly or indirectly owns at least 70 per cent. and has invested DKK 12 million. US of the capital of the company that pays the dividend. 10 pct. of the dividend if the rightful owner is a company which directly or indirectly owns between 25-70 per cent. of the capital of the company paying the dividend.

# Recovery of Danish dividend tax

If a source country contains tax on dividends at a higher rate than agreed in the DBO, the overpaid tax can be recovered.

Recovery of Danish dividend tax can take place within a 5-year deadline. This time limit applies regardless of the fact that in a DBO there is a provision with a shorter time limit than 5 years. See the Withholding Tax Act § 67 A.

When recovering Danish dividend tax, the forms **06.002** (Switzerland), **06.005** (Germany) and **06.003** (all other countries) are used, which can be found at www.skat.dk.

A form must be completed per. Danish dividend-paying company. The form must be signed by the tax authorities of the country of residence, which must confirm that the recipient of the Danish dividend is resident / resident in that country.

See also section **AB4.1.4.2** on recovery of Danish dividend tax.

# Recovery of foreign dividend tax

If a source country contains tax on dividends at a higher rate than agreed in the DBO, the overpaid tax can be recovered.

The request must be submitted to the tax authorities of the country concerned. Information about recovery, including which forms may be used, may be sought by contacting the authorities in the country in question or possibly the country's embassy in Denmark. Some countries have prepared a special form and have indicated where recovery requests should be sent to. See section **CF9.2** on Danish DBOs and international agreements.

## Also see

See also TfS 2000, 394 on certification for pension funds and distributing investment associations.