# Exhibit 58

skat.dk

# Tax-free disposal of shares

| | |
|---|---|
| Date of release | 17 Oct 2008 12:52 |
| Date of judgment / ruling / decision / control signal | 20 Mar 2007 10:10 |
| SKM number | SKM2008.831.SR |
| Authority | The Tax Council |
| Case number | 07-137703 |
| Document type | Binding answer |
| Overall topics | treasure |
| Topics Topics | Shares and other securities as well as intellectual property rights |
| Keywords | Shares, divestiture, tax exemption, capital gains taxation, trading date |
| Summary | The questioner had purchased shares and mutual fund certificates at the turn of the year 2005-2006. The shares had been purchased before the end of 2005, so even though the value date was not until 2006, the Tax Council confirmed that the time condition in section 44 of the Capital Gains Tax Act had been met. On the other hand, the mutual fund certificates could not be included in the portfolio before 1 January 2006, as these had only been ordered before the turn of the year. Ordering could not be equated with a purchase, and mutual fund certificates would therefore not be able to be sold tax-free. |
| Legal basis | 06-020340 |
| Reference (s) | The Capital Gains Taxation Act § 44<br>The Capital Gains Taxation Act § 23, para. 1 |
| Reference | Equation Guide 2008-3 **SG2.6.1** |
| Reference | Equation Guide 2008-3 **SG3.3.1** . |

## Questions
Are shares, etc., ordered on 30 December 2005, covered by section 44 of the Danish Capital Gains Tax Act, so that the shares can be sold tax-free after 3 years of ownership?

## Reply

Regarding shares in A and B: Yes, cf., however, SKAT's recommendation and justification.

Regarding investment association certificates in C and D: No.

**Description of the actual conditions**
According to a copy of trading notes from Sparekassen E, around the turn of the year 2005/2006 the questioner acquired the following shares and investment association certificates:

| Trading date | Value date | company | Number of items | Price value when buying |
|---|---|---|---|---|
| 12/30/2005 | 4.1.2006 | A (shares) | 22 pcs. | 14,828.00 |
| 12/30/2005 | 4.1.2006 | B (shares) | 27 pcs. | 14,931.00 |
| 2.1.2006 | 5.1.2006 | C (inv.for.beviser) | 93 pcs. | 19,714.01 |
| 2.1.2006 | 5.1.2006 | D (inv.for.beviser) | 98 pcs. | 19,661.77 |

According to the control information reported to SKAT (form R 75), the market value of the applicant's holding of listed shares per December 31, 2005 a total of DKK 38,390. Since the value date for the above share purchases, etc. is on 4 January 2006 and 5 January 2006, respectively, the above shares and investment fund certificates are not included in the registered portfolio per. December 31, 2005

The questioner has stated that the above shares, etc. was ordered on 30 December 2005, where it was emphasized that the trades should take place immediately and before the end of 2005. It is further stated that the orders for all these shares, etc. was entered into the bank's computer system on 30 December 2005.

The questioner is unmarried.

It has been established that the above shares and investment fund certificates were all listed on the stock exchange. 31 December 2005, and that the market value of the purchased shares and investment fund certificates per. At 31 December 2005, the following amounts were:

| company | Number of items | Course at the end of 2005 | Price value at the end of 2005 |
|---|---|---|---|
| A (shares) | 22 pcs. | 669.41 | 14,727.02 |
| B (shares) | 27 pcs. | 552.34 | 14,913.18 |
| C (inv.for.beviser) | 93 pcs. | 211.65 | 19,683.45 |
| D (inv.for.beviser) | 98 pcs. | 199.91 | 19,591.18 |

The market value of the questioner's total holding of listed shares, etc. pr. 31 December 2005 was below the amount limit of DKK 136,600, and the questioner does not engage in business by buying and selling shares.

It has been established that the investment certificates in C and D relate to distributing equity-based investment funds. It has also been established that the investment associations have chosen that gains and losses must be taxed in accordance with the same rules as for shares, cf. section 21 (1) of the Danish Capital Gains Tax Act. 2.

According to the submitted copies of trading notes, the purchases of shares in A and B took place as immediate trades on 30 December 2005 at 15.05 and on 30.12.2005 at 15.07, while the purchases of investment fund certificates in C and D are made as average price trades.

The Danish Bankers Association has generally stated that the trading date for average price trades is usually the trading day after the day on which the order is placed.

**Questioner's possible opinion according to request and comments on case presentation**
The questioner has stated that all the shares and investment fund certificates are, in the bank's view, covered by the transitional rule in section 44 of the Danish Capital Gains Tax Act.

The questioner has expressed that he is concerned about whether the shares (investment association certificates) in C and D are covered by section 44 of the Capital Gains Tax Act.

A draft case presentation was sent to the questioner on 18 January 2007, who in an e-mail of 2 February 2007 sent various comments. These observations have been taken into account in the present corrected case presentation.

The corrected case presentation was sent to the questioner on 12 February 2007, who did not comment on it.

**SKAT's recommendation and justification**
According to the Capital Gains Taxation Act, section 44, subsection 1, gains on listed shares are tax-free if the shares have been acquired before 1 January 2006, and the market value of the taxpayer's total holding of listed shares per. 31.12.2005 amounted to DKK 136,600 (for singles) or less. However, the tax exemption is conditional on the taxpayer having owned the shares for 3 years or more at the time of sale, that the shares are not covered by various special rules in the Capital Gains Tax Act, and that the shares have not been listed on the stock exchange at the latest. section 44 (1) of the Danish Capital Gains Tax Act 3-6.

If the conditions for tax exemption of a gain are met, a loss is not deductible, and a loss will also not be offset against a gain on the sale of other shares, cf. section 44 (1) of the Capital Gains Tax Act. 1.

According to the usual tax law rules, a share purchase is considered to have taken place at the time of the agreement, cf. the tax assessment guide (2007-1) section SG2.6.1. The time of the agreement is the time at which a final agreement has been entered into for the purchase of the shares. An order for shares or mutual fund certificates, on the other hand, cannot be considered a final purchase agreement. According to the remarks to § 23 para. 1 of the Capital Gains Tax Act (L 78, submitted on 16 November 2005 and implemented as Act no. 1413 of 21 December 2005), the trading date must be used as the basis for determining the time of purchase or sale of shares. The value date is thus not decisive.

The shares that the inquirer has purchased according to notes with trading date of 30.12.2005, ie. the shares in A and B must therefore be included in the holding per. 31.12.2005 This applies regardless of whether the value date is only 4.1.2006, and regardless of the fact that the shares were therefore not included in the questioner's deposit per. 31.12.2005

It is therefore recommended that the shares in A and B can be sold tax-free, cf. section 44 of the Capital Gains Tax Act, as the tax exemption is conditional on the applicant having owned the shares for 3 years or more and that the shares have not been transferred at the latest at the time of sale. from being listed to being unlisted.

The investment fund certificates that the applicant has purchased according to notes with a trade date of 2.1.2006, ie. the investment fund certificates in C and D, on the other hand, cannot be included in the portfolio per. 31.12.2005 This applies regardless of whether the investment association certificates, according to the information, were ordered on 30.12.2005, as an order cannot be equated with a purchase. These investment association certificates will therefore not be able to be sold tax-free according to section 44 of the Danish Capital Gains Tax Act.

It is therefore recommended that the investment association certificates in C and D **cannot** be sold tax-free according to section 44 of the Danish Capital Gains Tax Act.

**The Tax Council's decision and justification**
The Tax Council agreed with SKAT's recommendation and justification.

**The answer is binding on the tax authorities in the following period**
The answer is binding on the tax authorities for 5 years, cf. the Tax Administration Act, section 25, subsection. 1.