# Exhibit 67

# The Ministry of Taxation's comment on the Eastern High Court's judgment of 20 December 2011

(SKM2012.121.ØLR) Judgment of the Eastern High Court of 20 December 2011, 14th Division, B-2152-10
Beneficial owner - Throughput

| | |
|---|---|
| Date of release | 13 Feb 2012 12:51 |
| SKM number | SKM2012.100.SKAT |
| Authority | Ministry of Taxation |
| Case number | 2012-739-0363 |
| Document type | Comment |
| Overall topics | treasure |
| Topics Topics | Corporate taxation |
| Keywords | Beneficial owner, Rightful owner |
| Summary | The Ministry of Taxation comments on the judgment of the Eastern High Court of 20 December 2011. This is the first case of beneficial owner that has been heard in the Danish courts. The Ministry of Taxation has decided not to appeal the verdict. |
| Reference(s) | SEL § 2, para. 1, letter c |
| Reference | The Legal Guide CD1.2.3.5 |

By judgment of 20 December 2011, published as SKM2012.121.ØLR, the Eastern High Court found that a Danish company was not obliged to withhold withholding tax on a dividend paid to its parent company in Luxembourg. The High Court acquitted the company of the withholding tax imposed.

This is the first case of beneficial owner that has been heard in the Danish courts.

The Ministry of Taxation had claimed that the Luxembourg parent company was a "flow-through company" and therefore could not be considered the rightful owner of the dividends paid.

The Eastern High Court's premises state, inter alia, that *"... breach of a collective agreement limitation in withholding tax presupposes that the payment has been carried forward or at least is certainly intended to be passed on to persons in third countries without a double taxation agreement. That condition is not satisfied in this case. "*

Furthermore, it appears from the premises that *"The dividend paid by the company has thus not been passed on by the parent company, but has on the contrary been returned as a loan to the Danish company."*

Finally, it appears from the premises that *"As a result, the parent company must be regarded as the rightful owner of the dividend received ..."*

The Ministry of Taxation has decided not to appeal the ruling regarding the Danish company.

It is the Ministry of Taxation's assessment that this is a clear judgment that is essentially based on a particularly specific factual situation. According to the High Court, it is a precondition for denying col-

particularly specific factual situation. According to the High Court, it is a precondition for denying collective bargaining benefits, " *that the dividend has been carried on or at least with certainty is destined to be carried on"* to the underlying owners. In this case, the dividend paid returns to the distributing Danish company as a loan.

In addition to the question of the rightful owner, a number of additional questions were raised in the case,

- whether the parent company received in Luxembourg, whether or not the parent company was the rightful owner under the double taxation agreement, was still entitled to tax exemption under the Parent-Subsidiary Directive (90/435 / EEC),
- whether there was a retrospective intensification of practice, and
- whether the Danish company was liable for the dividend tax as a result of negligence.

Due to the result regarding the rightful owner, it did not become relevant to take a position on the issues.

It is the Ministry of Taxation's assessment that the High Court's clear judgment implies that an appeal of the case to the Supreme Court can hardly be assumed to lead to a further clarification of the legal situation and thus a clarification of the above issues.

In addition to the case concerning the Danish company, SKAT has filed a number of cases against other Danish companies, which have paid dividends and interest tax-free to their parent companies domiciled in EU countries or countries with which Denmark has entered into a double taxation agreement. These cases are characterized by the fact that the dividends and interest paid are actually passed on or are intended to be passed on to the underlying owners, and that the amounts are not - as in this case - returned to the paying Danish company.

It is thus still unclear how the courts will react in the situation where the actual transfer of the amounts takes place or where the amounts are intended to be passed on to the underlying owners. It is therefore the opinion of the Ministry of Taxation that the cases raised where the actual circumstances differ from the circumstances in this case should be tried in the courts, in order to obtain a final clarification of the area of law.