# Exhibit 85

# L 1995-12-20 nr 1072

## Værdipapirhandelsloven

### § 57

En aftale mellem to eller flere parter om, at samtlige anmeldte fordringer, der har tilknytning til en clearingcentrals eller Danmarks Nationalbanks udøvelse af clearingvirksomhed, jf. § 50, stk. 3, eller forbindelse til et betalingssystem, der afvikles over konti i Danmarks Nationalbank, skal afregnes mod hinanden (nettes), kan med retsvirkning over for boet og kreditorerne tillige indeholde en bestemmelse om, at de pågældende fordringer skal slutafregnes eller føres tilbage i deres helhed, såfremt en at parterne erklæres konkurs eller der anmeldes betalingsstandsning eller åbnes tvangsakkord. En sådan aftale skal dog for at have retsvirkning over for boet og kreditorerne inden konkursen, anmeldelsen at betalingsstandsning eller åbningen af tvangsakkord være indsendt til Finanstilsynet og indeholde objektive betingelser for, i hvilke tilfælde anmeldte, men endnu ikke opfyldte fordringer enten

1)     opfyldes i overensstemmelse med nettingaftalen eller

2)     tilbageføres i deres helhed.

*Stk. 2*. Finanstilsynet kan godkende, at aftaler om netting med udenlandske clearingcentraler eller tilsvarende udenlandske virksomheder får retsvirkning i henhold til stk. 1.

*Stk. 3*. Finanstilsynet udfærdiger en liste over, på hvilke clearing- og afviklingssystemer netting med retsvirkning i henhold til bestemmelserne i stk. 1 og 2 kan finde anvendelse. Listen offentliggøres ved bekendtgørelse.

*Stk. 4*. Sikkerhedsstillelse i form af marginindbetalinger for fordringer, jf. stk. 1 eller 2, kan ikke omstødes efter konkurslovens § 70, stk. 1, uanset om betalingen erlægges i kontanter, værdipapirer eller på anden måde. Omstødelse kan dog ske, såfremt

1)     sikkerheden ikke er stillet uden unødigt ophold, efter at mangelen på sikkerhed er opstået, eller

2)     sikkerheden er stillet under sådanne omstændigheder, at den ikke fremstår som ordinær.

L 1995-12-20 nr 1072

**The Securities Trading Act**

§ 57

An agreement between two or more parties that all notified claims related to one clearing centrals or Denmark's National bank's exercise of clearing business, cf. section 50, subsection 3, or connection to a payment system that is settled via accounts at Denmark's National bank must be settled against each other (nettes), may, with legal effect vis-à-vis the estate and the creditors, also contain a provision on, that the claims in question must be settled in full or carried back in full, if one of the parties declared bankruptcy or suspension of payments or compulsory composition. Such an agreement must, however to have legal effect against the estate and the creditors before the bankruptcy, the notification of suspension of payments or the opening of a compulsory composition must be submitted to the Danish Financial Supervisory Authority and contain objective conditions for, I which accrued claims but did not yet meet claims either

1) fulfilled in accordance with the netting agreement or

2) returned in their entirety.

Skt 2. The Danish FSA may approve agreements on netting with foreign clearing houses or equivalent foreign entities have legal effect in accordance with para. 1.

Skt. 3. The Danish FSA shall draw up a list of on which clearing and settlement systems netting with legal effect in accordance with the provisions of paragraph 1 and 2 may apply. The list is published by notice.

Skt. 4. Collateral in the form of margin payments for receivables, cf. 1 or 2, can not be reversed pursuant to the Bankruptcy Act, section 70, subsection 1, regardless of whether the payment is made in cash, securities or in another manner. However, reversal may occur if

1) the security has not been provided without undue delay after the lack of security has arisen, or

2) the security is provided in such circumstances that it does not appear as unusual.