# Exhibit 13

# Christian Baden Ekstrand

| | |
|---|---|
| **Fra:** | Lilian Birkemose |
| **Sendt:** | 30. juli 2015 11:49 |
| **Til:** | Christian Baden Ekstrand |
| **Cc:** | Kenn Hoffmann Jensen |
| **Emne:** | VS: Bistandsanmodning fra England - captia 15-2196324 - Sanjay Shah/Solo Capital Partners |
| **Vedhæftede filer:** | 2015.07.29_Norway IS report.pdf; URGENT Request and Spontaneous Information.mht; henvendelse fra HM Revenue & Customs.pdf |

Hej Christian

Ifølge aftale med Kenn videresender jeg hermed vedhæftede bistandsanmodning fra England. Jeg indsætter dig som sagsbehandler
på captia sagen.

Tak for det.

## Bistandsanmodning fra England - captia 15-2196324 - Sanjay Shah/Solo Capital Partners

Vedhæftet bistandsanmodning hvor England skriver:

*This matter is extremely sensitive and time critical for HM Revenue & Customs. We would be very grateful for your early response.*

The following information is provided as a Spontaneous exchange under the terms of Article 25 of the Denmark/United Kingdom Double Taxation Agreement and Council Directive 2011/16/EU. However, we request that the information provided is not used in judicial proceedings or sent to a third person without our prior permission.

Til orientering har jeg sendt acknowledgement til England – og skrevet at vi er indforstået med ovenstående.

Med venlig hilsen

Lilian Birkemose



Indsats
Borger
Competent Authority
Kompetent myndighed
Lyseng Allé 1, 8270 Højbjerg

E-mail: Lilian.Birkemose@Skat.dk
Telefon (+45) 72 38 45 47

1



EXCHANGE OF INFORMATION TEAM

Custom House Annexe
Second Floor
32 St Mary at Hill
London
United Kingdom
EC3R 8DY

*Via CCN Mail only*

Ms Lilian Birkemose
Danish Tax and Customs Administration
Tax Centre Aarhus
Lysing Allé 1
DK-8270 Hoejbjerg
DENMARK

Tel     03000 577

Fax     03000 577 601

e-mail: ukcompetentauthority@hmrc.gsi.gov.uk

Date        29 July 2015
Our Ref     EoI/F23954 & F23955/EOK
Your Ref

Dear Ms Birkemose

**DOUBLE TAXATION CONVENTION – EXCHANGE OF INFORMATION**
**COUNCIL DIRECTIVE 2011/16/EU**

**DENMARK & UNITED KINGDOM – SANJAY SHAH**
                     **SOLO CAPITAL PARTNERS**

*This matter is extremely sensitive and time critical for HM Revenue & Customs, We would be very grateful for your early response.*

The following information is provided as a Spontaneous exchange under the terms of Article 25 of the Denmark/United Kingdom Double Taxation Agreement and Council Directive 2011/16/EU. However, we request that the information provided is not used in judicial proceedings or sent to a third person without our prior permission.

We are also requesting information from the Danish Tax and Customs Administration under the terms of Article 25 of the Denmark/United Kingdom Double Taxation Agreement and Council Directive 2011/16/EU to assist with our enquiries.

Information held by HM Revenue & Customs suggests that SOLO CAPITAL PARTNERS and other associated subsidiaries (both regulated and non-regulated entities) are involved in money laundering in the United Kingdom (UK), the criminal proceeds of potential market abuse and tax fraud in Denmark and elsewhere.

We understand that these criminal proceeds are laundered via the UK banking system to ultimately end up in the accounts of unregulated entities based in the Cayman Islands and the British Virgin Islands (BVIs).

It is believed that this fraud is facilitated through aggressive dividend arbitrage or 'cum/ex' trading, which is orchestrated by Sanjay SHAH, Date of birth: 11-09-1970. Sanjay SHAH is believed to be a British national, resident in Dubai.

Information suggests that the structure of the regulated and non-regulated entities is as follows:-

REGULATED ENTITIES

Director of Risk & Intelligence Service: Vicky Ranson

www.hmrc.gov.uk

It is believed that:

- AESA, a Luxembourg registered company, is the parent firm of SOLO GROUP HOLDINGS. AESA is 100% owned by Sanjay SHAH. It is believed that the regulated subsidiaries of SOLO GROUP HOLDINGS are:-

  SOLO
  TELESTO MARKETS LLP
  WEST POINT DERIVATIVES LTD
  SOLO GROUP SERVICES LTF (provides back-office services to all the regulated entities)
  OLD PARK LANE PLC
  CALLISTO ASSET MANAGEMENT LLP

- These regulated entities are separately managed and funded.

UNREGULATED ENTITIES

Information held suggests:

- That the parent of the unregulated entities is ELYSIUM GLOBAL BVI, which is wholly owned by Sanjay SHAH. It is believed there are about 20 unregulated subsidiaries under ELYSIUM GLOBAL. The entities which are pertinent to the 'cum/ex' trading are:-

  GANYMEDE (a Cayman Islands company, believed to be the main entity which ultimately receives the laundered criminal proceeds from the frauds).
  ELYSIUM DUBAI
  ELYSIUM UK
  PANDIA
  ATHENA
  PALLAS

- There are three further entities, all of which are 100% subsidiaries of ELYSIUM GLOBAL BVI, which are also related to the trading:-

  HYDRA CAPITAL
  THEORUM TECHNOLOGY LTD.
  GENOA SERVICES LTD.

  It is believed that the above three entities are all UK registered firms.

TRADING

Information held suggests:

- That the trades are done by exploiting the tax treaty differentials between the US and Labuan (Malaysia) and Denmark. It is believed that there is a 26% dividend withholding tax paid through this structure by the Danish Tax Authorities. Clients receive 100% of that withholding paid in cash to them; without actually outlaying any physical cash, collateral or security on their trade.

- That this cum/ex trading has been occurring since 2008 and the trading activity is typically done in the Danish trading market.

It is believed that:

- The trading activity is conducted via three systems. OCTAVE (client front end), HYDRA and THEORUM. The OCTAVE software is owned by HYDRA and written by THEORUM. This system is used by clients (who are high net worth individuals, associated to Sanjay SHAH, based either in the US or Labuan) to complete trade schedules, detailing markets, sizes, stocks and whether they are ex-div trades. Information held suggests that these stocks are highly liquid stocks with high dividends.

- When certain trigger points are met, the system sends a trade instruction to that particular client's broker or brokers. The broker will see the deal come up on

2

- > 'Brokermesh' (the order book, which is a system provided to them by Sanjay SHAH). The broker will then go to the market to seek other brokers and clients in the system, to seek liquidity.

- > The short side clients are again all known to be associated with Sanjay SHAH, and will have a particular stock ready to lend. Intelligence suggests that the approval process is automated and takes place via the back office system (*TAS*).

Information held suggests:

- > Four of the regulated entities, SOLO CAPITAL PARTNERS, OLD PARK LANE; WEST POINT and TELESTO, act as the clearers and custodians and manage all the counterparty flows of the 'so-called' stock that is bought. In effect there is a series of buy/sells, buy/sells which ends up in a net position. The main issue with the whole transaction is that it is stockless and is a series of book-keeping entries, with no actual stock at all in the system. The trades always net settle with these connected counterparties and effectively no-one has to deliver physical stock and there is no cash movement. The clients will obtain a Dividend Credit Advice ("*DCA*"), which is submitted by SOLO to file a reclaim from the Danish Tax Authorities. It is believed that this is done through three Danish tax agents (all of whom are associated to Sanjay SHAH). Intelligence suggests when the reclaim is paid by the Danish Tax Authority, it is received by SOLO, who then pay circa 80% of this to Sanjay SHAH via GANYMEDE and the remainder is sent to the client. It is believed that these trades earned in the region of €150m in 2014. SOLO is expected to claim circa £750 million in 2015, with Sanjay SHAH expected to receive 80% of this amount. These transactions always feature the same clients on both sides of the deal and the entire process is contrived by Sanjay SHAH.

- > All the communications around these trades are conducted via 'SKYPE' or 'WHATSAPP'.

<u>ASSISTANCE REQUESTED:</u>

1. Can you please confirm if any of the above mentioned persons or companies are adversely known to the Danish Tax Authorities or other Danish Law Enforcement authorities?

2. Can you please confirm if the Danish Tax Authority to date, has made any Dividend Withholding Tax (WHT) repayments to the above mentioned persons or companies?

Our investigators would be glad to discuss any matters arising from these exchanges in a teleconference with the appropriate Danish investigators. We understand is that Mr Kenn Hoffman Jensen of SKAT Særlig Kontrol, Helgeshøj Alle 92630 Hoeje Taastrup DENMARK is aware of the matters raised in this exchange and would be grateful if this information could be passed to him as soon as possible.

Yours sincerely

*[signature]*

PP
**Tom Gardiner**
**Assistant Director**

3

# Kenn Hoffmann Jensen

| | |
|---|---|
| Fra: | ian.collett@hmrc.gsi.gov.uk |
| Sendt: | 27. juli 2015 16:24 |
| Til: | Kenn Hoffmann Jensen |
| Cc: | denis.kerr@hmrc.gsi.gov.uk |
| Emne: | Op Flypast15 - Dividend WHT Fraud (Solo Capital Partners) |
| Vedhæftede filer: | FCLOHAG 239-15 Kenn Jensen Denmark 27-07-2015 SOLO CAPITAL LTD..doc; Analysis_-_Dividend_arbitrage_withholding_t.pdf |

Good afternoon Kenn,

As discussed, please find attached a letter of disclosure in relation to a money laundering case pertaining to a fraud involving Dividend Arbitrage Withholding Tax (WHT) repayments.

Intelligence indicates that this impacts on Denmark and involves the company Solo Capital Partners, its owner Sanjay Shah and a number of other entities.

This is disseminated to you under the European Commission legal gateway Naples II, **which is a tool for mutual assistance and cooperation that can be used by all competent law enforcement and judicial authorities, including customs, police and Border Force. It is a bridge between national legislations.** As this is a money laundering case it is also being disseminated under the gateway ATCSA 2001, **which permits non-direct tax disclosures to overseas recipients for the purposes of any criminal investigation within the UK or elsewhere.**

I've also attached a recently issued Tax Journal article in relation to Dividend Arbitrage Withholding Tax (WHT).

It would be much appreciated if you can advise me by Wednesday morning if SOLO CAPITAL PARTNERS, Sanjay SHAH, or any other mentioned entities are adversely known to the Danish Tax authorities or Danish Law Enforcement authorities.

Many thanks for all your assistance.

Kind regards,

Ian

Ian Collett
HMRC FCLO (The Netherlands & The Nordics)
British Embassy
The Hague
T: +31 (0) 704 270 283
M: +31 (0) 610 910 800

The information in this e-mail and any attachments is confidential and may be subject to legal professional privilege. Unless you are the intended recipient or his/her representative you are not authorised to, and must not, read, copy, distribute, use or retain this message or any part of it. If you are not the intended recipient, please notify the sender immediately.

HM Revenue & Customs computer systems will be monitored and communications carried on them recorded, to secure the effective operation of the system and for lawful purposes.

The Commissioners for HM Revenue and Customs are not liable for any personal views of the sender.

Highly Confidential Pursuant to Protective Order                               SKAT_MDL_001_00680775

This e-mail may have been intercepted and its information altered.

The original of this email was scanned for viruses by the Government Secure Intranet virus scanning service supplied by Vodafone in partnership with Symantec. (CCTM Certificate Number 2009/09/0052.) This email has been certified virus free.
Communications via the GSi may be automatically logged, monitored and/or recorded for legal purposes.

2

Highly Confidential Pursuant to Protective Order                                    SKAT_MDL_001_00680776



Mr. Ian Collett
Fiscal Crime Liaison Officer
British Embassy
Lange Voorhout 10
2514 ED 's-Gravenhage
THE NETHERLANDS

Tel.: +31 (0) 704 270 283
Fax: +31 (0) 703 646 222
Email: ian.collett@hmrc.gsi.gov.uk

Mr. Kenn Jensen
**Special Control Unit 1**
Helgeshoej Alle 9
2630 Hoeje Taastrup
DENMARK

EMAIL

Date:     27 July 2015
Our ref:  FCLOHAG 239-15
Subject:  Op. Flypast15 – SOLO CAPITAL PARTNERS

Dear Mr. Jensen,

---

**APPLICATION OF THE EC CONVENTION ON MUTUAL ASSISTANCE AND CO-OPERATION BETWEEN CUSTOMS ADMINISTRATIONS (NAPLES II) AND S.19 ANTI-TERRORISM, CRIME AND SECURITY ACT 2001 (ATCSA)**

---

As a representative of the Commissioners of HM Revenue and Customs in the Netherlands I forward this information and request for your consideration.

Intelligence suggests that SOLO CAPITAL PARTNERS and other associated subsidiaries (both regulated and non-regulated entities) are involved in money laundering in the United Kingdom (UK), the criminal proceeds of potential market abuse and tax fraud in Denmark and elsewhere.

Intelligence indicates these criminal proceeds are laundered via the UK banking system to ultimately end up in the accounts of unregulated entities based in the Cayman Islands and the British Virgin Islands (BVIs).

It is believed that this fraud is facilitated through aggressive dividend arbitrage or 'cum/ex' trading, which is orchestrated by Sanjay SHAH, DoB. 11-09-1970. Sanjay SHAH is believed to be a British national, resident in Dubai.

Intelligence suggests that the structure of the regulated and non-regulated entities is as follows:-

REGULATED ENTITIES

Highly Confidential Pursuant to Protective Order                          SKAT_MDL_001_00680777

It is believed that AESA, a Luxembourg registered company, is the parent firm of SOLO GROUP HOLDINGS. AESA is 100% owned by Sanjay SHAH. It is believed that the regulated subsidiaries of SOLO GROUP HOLDINGS are:-

SOLO
TELESTO MARKETS LLP
WEST POINT DERIVATIVES LTD
SOLO GROUP SERVICES LTF (provides back-office services to all the regulated entities)
OLD PARK LANE PLC
CALLISTO ASSET MANAGEMENT LLP

It is believed that these regulated entities are separately managed and funded.

**UNREGULATED ENTITIES**
Intelligence suggests that the parent of the unregulated entities is ELYSIUM GLOBAL BVI, which is wholly owned by Sanjay SHAH. It is believed there are about 20 unregulated subsidiaries under ELYSIUM GLOBAL. The entities which are pertinent to the 'cum/ex' trading are:-

GANYMEDE (a Cayman Islands company, believed to be the main entity which ultimately receives the laundered criminal proceeds from the frauds).
ELYSIUM DUBAI
ELYSIUM UK
PANDIA
ATHENA
PALLAS

Intelligence suggests that there are three further entities, all of which are 100% subsidiaries of ELYSIUM GLOBAL BVI, which are also related to the trading:-

HYDRA CAPITAL
THEORUM TECHNOLOGY LTD.
GENOA SERVICES LTD.

It is believed that the above three entities are all UK registered firms.

**TRADING**
Intelligence suggests that the trades are done by exploiting the tax treaty differentials between the US and Labuan (Malaysia) and Denmark. It is believed that there is a 26% dividend withholding tax paid through this structure by the Danish Tax Authorities. Clients receive 100% of that withholding paid in cash to them; without actually outlaying any physical cash, collateral or security on their trade.

Intelligence suggests that this cum/ex trading has been occurring since 2008 and the trading activity is typically done in the Danish trading market.

It is believed that the trading activity is conducted via three systems;
**OCTAVE** (client front end). Intelligence suggests that the OCTAVE software is owned by **HYDRA** and written by **THEORUM**. This system is used by clients (who are high net worth individuals, associated to Sanjay SHAH, based either in the US or Labuan) to complete trade schedules, detailing markets, sizes, stocks and

Highly Confidential Pursuant to Protective Order    SKAT_MDL_001_00680778

whether they are ex-div trades. Intelligence suggests that these stocks are highly liquid stocks with high dividends.

It is believed that when certain trigger points are met, the system sends a trade instruction to that particular client's broker or brokers. The broker will see the deal come up on 'Brokermesh' (the order book, which is a system provided to them by Sanjay SHAH). The broker will then go to the market to seek other brokers and clients in the system, to seek liquidity.

Intelligence suggests that the short side clients are again all known to be associated with Sanjay SHAH, and will have a particular stock ready to lend. Intelligence suggests that the approval process is automated and takes place via the back office system (*TAS*).

Intelligence suggests four of the regulated entities (SOLO CAPITAL PARTNERS, OLD PARK LANE; WEST POINT and TELESTO) act as the clearers and custodians and manage all the counterparty flows of the 'so-called' stock that is bought. In effect there is a series of buy/sells, buy/sells which ends up in a net position. Intelligence suggests that the main issue with the whole transaction is that it is stockless and is a series of book-keeping entries, with no actual stock at all in the system. The trades always net settle with these connected counterparties and effectively no-one has to deliver physical stock and there is no cash movement. The clients will obtain a Dividend Credit Advice ("*DCA*"), which is submitted by SOLO to file a reclaim from the Danish Tax Authorities. It is believed that this is done through three Danish tax agents (all of whom are associated to Sanjay SHAH). Intelligence suggests when the reclaim is paid by the Danish Tax Authority, it is received by SOLO, who then pay circa 80% of this to Sanjay SHAH via GANYMEDE and the remainder is sent to the client. It is believed that these trades earned in the region of €150m in 2014. Intelligence suggests that SOLO is expected to claim circa £750 million in 2015, with Sanjay SHAH expected to receive 80% of this amount.

These transactions always feature the same clients on both sides of the deal and the entire process is contrived by Sanjay SHAH. Intelligence suggests that all the communications around these trades are conducted via 'SKYPE' or 'WHATSAPP'.

## ASSISTANCE REQUESTED:

1) Can you please confirm if any of the above mentioned nominals or companies are adversely known to the Danish Tax Authorities or other Danish Law Enforcement authorities?

2) Can you please confirm if the Danish Tax Authority to date, has made any Dividend Withholding Tax (WHT) repayments to the above mentioned nominals or companies?

Many thanks for your attention and assistance in relation to this matter.

Yours sincerely,

Ian Collett
FCLO The Netherlands & The Nordics

This document could contain confidential information as defined by British legislation. None of the information contained within this document should be used in judicial proceedings or sent to a third person without prior reference to the originator.

Page 3 of 3

Highly Confidential Pursuant to Protective Order    SKAT_MDL_001_00680779