# Exhibit 19

# Trust Agreement Under

# The RJM Capital Pension Plan

CONFIDENTIAL

# TABLE OF CONTENTS

Page

I.   NAME, PURPOSE AND DEFINITIONS ................................................................ 1

  A.   Name. ....................................................................................................... 1
  B.   Purpose. .................................................................................................... 1
  C.   Definitions. ................................................................................................ 1
  D.   Conflict with Plan. ..................................................................................... 1
  E.   Co-Trustees. ............................................................................................. 1
  F.   Effective Date. .......................................................................................... 1

II.  ESTABLISHMENT OF TRUST ........................................................................... 2

  A.   Establishment. .......................................................................................... 2
  B.   Administration. .......................................................................................... 2
  C.   Contributions. ........................................................................................... 2
  D.   Return of Employer Contributions. ........................................................... 2
  E.   Transfers from Other Qualified Plans; Rollovers. ..................................... 2
  F.   Transfer From Employer's Qualified Plans. .............................................. 3
  G.   Transfer To Eligible Retirement Plans. ..................................................... 3
  H.   Deemed IRA Contributions. ...................................................................... 3

III. INVESTMENT OF TRUST ASSETS ................................................................... 3

  A.   Funding Policy. .......................................................................................... 3
  B.   Authority to Direct Investments. ............................................................... 3
  C.   Investments – Liability of Trustee. ............................................................ 4
  D.   Combination with Assets of Other Trusts. ................................................ 5
  E.   Qualifying Employer Securities or Real Property. ..................................... 6

CONFIDENTIAL                                        WH_MDL_00000347

F.     Participant Directed Accounts. ............................................................. 6
G.     Indicia of Ownership; Foreign Assets. ................................................. 7
H.     Loans to Participants. ........................................................................... 7

IV.     POWERS OF THE TRUSTEE ......................................................................... 7

A.     General Powers. .................................................................................... 7
B.     Multiple Trustees. .................................................................................. 9

V.     BOOKS AND RECORDS ................................................................................ 9

VI.     VALUATIONS AND ACCOUNTINGS .......................................................... 10

VII.     LIFE INSURANCE ........................................................................................ 10

A.     Application; Policy. ............................................................................... 10
B.     Exercise of Rights ............................................................................... 10
C.     Premiums. ............................................................................................ 11
D.     Beneficiary Designation. ..................................................................... 11
E.     Liability of Insurance Company. .......................................................... 11

VIII.     DISTRIBUTIONS ......................................................................................... 11

A.     In General. ........................................................................................... 11
B.     Payments Before Notice of Event. ...................................................... 11
C.     Payments to Missing Persons. ............................................................ 12
D.     Death of Participant. ............................................................................ 12
E.     Income Tax Withholding. ..................................................................... 12
F.     Distributions to Incompetent Persons. ................................................ 12
G.     Qualified Domestic Relations Orders. ................................................. 12

IX.     RESIGNATION OR REMOVAL AND APPOINTMENT OF TRUSTEE ........... 12

X.     TAXES, EXPENSES AND COMPENSATION OF THE TRUSTEE ................. 13

CONFIDENTIAL                                                                          WH_MDL_00000348

A. Taxes. ............................................................................. 13
B. Expenses; Compensation. .................................................. 13

XI. IRREVOCABILITY; AMENDMENT AND TERMINATION ................................. 13

XII. STANDARD OF CONDUCT OF FIDUCIARIES ............................................. 13

A. Fiduciaries. ....................................................................... 13
B. Fiduciary Duties. ............................................................... 13

XIII. MISCELLANEOUS .......................................................................... 15

A. Request for Instructions. ................................................... 15
B. Liability of Trustee. ........................................................... 15
C. Controversy. .................................................................... 15
D. Joinder of Parties. ............................................................ 15
E. Spendthrift Provisions. ...................................................... 15
F. Diversion of Assets Prohibited. ........................................... 15
G. Gender and Number. ........................................................ 16
H. Applicable Law; Severability. ............................................. 16
I. Headings. ........................................................................ 16
J. Inapplicability of Certain Provisions If Plan is Not an ERISA Plan..........16
K. Successor Trustee(s)....................................................................16

CONFIDENTIAL

WH_MDL_00000349

# Trust Agreement Under

# The RJM Capital Pension Plan

This Trust Agreement (the "Trust" or "Agreement") is entered into by and between RJM Capital LLC, a DE LLC, as "Employer", and Richard J Markowitz, as "Trustee." This Trust is intended to provide for the funding of the Plan which has been adopted by the Employer, and to accomplish this purpose, the Employer and the Trustee agree as follows:

I.    <u>NAME, PURPOSE AND DEFINITIONS</u>

A.  <u>Name</u>.  The name of the Trust shall be RJM Capital Pension Plan Trust.  The RJM Capital Pension Plan (the "Plan") is incorporated as a part of this Agreement by this reference.

B.  <u>Purpose</u>.  This Trust is created for the purpose of receiving contributions made under the Plan, accumulating, managing and investing those contributions, and providing benefits to the Participants and their Beneficiaries.  This Trust shall be administered for the exclusive purpose of providing benefits to the Participants and their Beneficiaries and defraying reasonable costs of administration.  This Trust and the Plan are intended to satisfy all of the requirements for a qualified retirement plan under the appropriate provisions of the Internal Revenue Code, ERISA and other applicable federal and state laws.

C.  <u>Definitions</u>.  All specifically defined terms used in this Agreement shall have the meanings as defined in the Plan.

D.  <u>Conflict with Plan</u>.  If the provisions of this Agreement conflict with any of the provisions of the Plan, this Agreement shall control as it relates to the duties and obligations of the Trustee.

E.  <u>Co-Trustees</u>.  If there is more than one (1) Trustee, any one of such Co-Trustees shall have the right to make any decision, undertake any action or execute any documents affecting this Trust without the approval of the remaining Trustees.  Any directions to any person or organization shall be executed by any one of the Co-Trustees.  For purposes of this Trust and the Plan, "directions" shall mean any certification, notice, authorization, application or instruction of the Trustee.

F.  <u>Effective Date.</u>  This Trust Agreement shall be effective on the first day of the first Plan Year in which this plan is adopted by the Employer.

-1-

WH_MDL_00000350

## II.    ESTABLISHMENT OF TRUST

### A. Establishment.

This Agreement establishes a trust as to such funds as shall be from time to time deposited with the Trustee by or on behalf of the Employer or Participants pursuant to the Plan, together with income generated by such funds. The Trustee agrees to receive and hold such funds and income in trust in accordance with the terms of this Agreement. The Trustee shall not be individually liable to any person for any obligation or liability incurred on behalf of the Trust, and all persons shall look solely to the Trust assets for satisfaction of such obligations or liabilities.

### B. Administration.

The Plan shall be administered by the Committee, and the Trustee shall have no duties with respect to the administration of the Plan. The Employer shall certify to the Trustee the names and signatures of the members of the Committee acting from time to time. The Committee shall comply with any reasonable requirements of the Trustee.

### C. Contributions.

The Employer shall transmit to the Trustee all of its contributions and all contributions of the Participants. All contributions shall be in cash or if this is a profit sharing plan or stock bonus plan then contributions may be made by Employer stock or other property valued at fair market value and acceptable to the Trustee. The Trustee shall have no duty to determine or inquire whether any contributions to this Trust are in compliance with the Plan; nor shall the Trustee have any duty or authority to compute the amount of any such contributions; nor shall the Trustee be responsible for the collection or adequacy of any contributions to the Trust or for the adequacy of the Trust to meet and discharge liabilities under the Plan. Any premiums on life insurance policies owned by this Trust which are paid by the Employer directly to an insurance carrier shall be deemed to have passed through the Trust, even though not reflected on the books and records of the Trustee.

### D. Return of Employer Contributions.

Except as specifically permitted under the terms of the Plan, the assets of the Plan and Trust shall never inure to the benefit of the Employer, and these assets shall be held for the exclusive purpose of providing benefits to Participants and their Beneficiaries and defraying reasonable expenses of administering the Plan and Trust.

### E. Transfers from Other Qualified Plans; Rollovers.

If specifically permitted under the terms of the Plan, there may be transferred to the Trustee, subject to the approval of the Employer and Trustee, all or any of the assets held (whether by a trustee, custodian, or otherwise) on behalf of any other plan which satisfies the applicable requirements of Section 401(a) of the Code, or qualified rollover contributions, and which is maintained for the benefit of any persons who are or are about to become Participants. The Employer or Trustee may require a prior determination by the Internal Revenue Service that such transfer will not affect the qualified status of the Plan and Trust. Any such transfer of assets or Rollovers shall be held and administered in accordance with the provisions of the Plan relating to the administration of Employee and Rollover Contributions.

-2-

CONFIDENTIAL                                                                        WH_MDL_00000351

F.  Transfer From Employer's Qualified Plans.

Upon direction of a Participant delivered to the Committee and the Trustee, the Trustee is authorized to receive the assets representing the value of any Participant's benefits earned under any other qualified plan maintained by the Employer.  Upon receipt of such benefits, the Committee and the Trustee shall hold and maintain such benefits as a Rollover Contribution Account in connection with the relevant provisions of Article X of this Plan to be distributed in accordance with the provisions of Article VII of this Plan. Assets transferred and held in Rollover Contribution Accounts shall be deemed to be a part of the Participant's Accrued Benefit.

G.  Transfer To Eligible Retirement Plans.

Upon direction of the Participant delivered to the Committee and the Trustee of this Plan, the Trustee is hereby authorized to transfer the assets representing the vested Accrued Benefit of any Participant under this Plan to the Trustee of an Eligible Retirement Plan.

H.  Deemed IRA Contributions.  If permitted under the terms of the Plan, a Participant may be entitled to make Deemed IRA Contributions.  The IRA Trustee shall be responsible for the administration of the Deemed IRA Contributions in accordance with the terms of the Plan.

### III.    INVESTMENT OF TRUST ASSETS

A.  Funding Policy.  The Plan's funding policy and method, as determined from time to time by the Committee, shall be communicated to the fiduciary responsible for managing and investing the Trust assets (and each Investment Manager if selected in the manner set forth in Paragraph B1 or B2 below) in a timely manner so that the fiduciary (and each Investment Manager, if any) may coordinate the investment policies of this Trust with such funding policy and method.  In investing and reinvesting the Trust assets, the fiduciary (and each Investment Manager, if any) shall have due regard for the Plan's funding policy and method, but in no event shall the fiduciary (or any such Investment Manager) have any responsibility for the establishment or adequacy of such funding policy and method.

B.  Authority to Direct Investments.  Except as provided in Paragraphs 1 and 2 below or in Paragraph F of this Article III, the Committee shall be the fiduciary responsible for directing the investment and management of the Trust assets.

1.  Employer Appointment of Trustee or Investment Manager.  The Employer may, by resolution of its Board, terminate the Committee's right to direct the investment and management of all or any portion of the Trust assets by transferring to the Trustee or an Investment Manager the authority and duty to direct the investment and management of all or any portion of the Trust assets.

2.  Committee Appointment of Trustee or Investment Manager.  As long as the Employer has not taken any action under Paragraph 1 above, the Committee

-3-

CONFIDENTIAL

may, but need not, appoint the Trustee or an Investment Manager to direct the investment and management of all or any portion of the Trust assets.

3. <u>Manner of Appointment, etc.</u>. A certified copy of any Board resolution or resolution of appointment pursuant to Paragraphs 1 or 2 above shall be delivered to the Trustee, whereupon the Trustee or the Investment Manager, as the case may be, shall become the fiduciary with respect to the investment and management of such Trust assets. Any transfer of investment and management authority to the Trustee or to an Investment Manager shall be revoked upon receipt by the Trustee (and Investment Manager, if any) of a notice to that effect from the Employer through its Board or from the Committee, as the case may be. The appointment, selection, and retention of an Investment Manager shall be the sole responsibility of the Committee or the Employer, as the case may be. The Trustee is authorized to rely upon the fact that the Investment Manager is at all times a qualified Investment Manager (as defined in Section 3(38) of ERISA) until such time as the Trustee has received written notice from the Employer or Committee to the contrary. The Trustee is also authorized and entitled to rely upon the fact that the Investment Manager is authorized to direct the investment and management of the Trust assets until such time as the Employer or Committee, as the case may be, shall notify the Trustee in writing that another Investment Manager has been appointed in place of the Investment Manager named or, in the alternative, that the Investment Manager named has been removed and the responsibility for the investment and management of the Trust assets has been assumed by the Committee or has been transferred to the Trustee, as the case may be.

C. <u>Investments – Liability of Trustee</u>.
During such period or periods of time, if any, as the Committee, an Investment Manager, or a Participant is authorized to direct the investment and management of the Trust assets, the Trustee shall (subject to the overriding limitations set forth below) effect and change investments of the Trust as directed in writing (or by telephonic or other electronic instruction if so authorized by the Committee) by Investment Manager, the Committee or Participant, as the case may be, and shall neither affect nor change any such investments without such direction and shall have no right, duty, or responsibility to recommend investment or investment changes. Such direction may be either general or specific in its terms and may be given on an "until revoked" basis. The following provisions shall govern the Trustee during such period or periods:

1. <u>Signature; Reliance on Directions</u>. All written directions concerning investment and management made by the Committee, Investment Manager or Participant shall be signed by the authorized person or persons acting on behalf of the Committee or the Investment Manager, or by the Participant, as the case may be. The Trustee shall be entitled to rely upon such directions, as well as directions received by telephone or other electronic media if so authorized by the Committee, when purported to come from such authorized person or persons, or from the Participant.

2. <u>No Liability for Committee Actions</u>. As long as the Committee possesses full power and responsibility to direct the Trustee with respect to the investment and management of all or any portion of the Trust assets, the Trustee shall not be liable or responsible in any way for any losses or other unfavorable results

-4-

arising from the Trustee's compliance with the directions of the Committee which are made in accordance with the terms of the Trust and which are not contrary to the provisions of any applicable federal or state statute regulating such investment and management of the assets of an employee benefit trust.

3. <u>No Liability for Investment Manager Actions</u>. If an Investment Manager is given full authority and responsibility to direct the investment and management of all or a portion of the Trust assets, the Trustee shall not be liable or responsible in any way for any losses or other unfavorable results arising from the Trustee's compliance with the directions of the Investment Manager. In such event, to the extent Section 405(b)(3)(B) of ERISA so permits, the Committee shall also not be liable or responsible in any way for any losses or other unfavorable results arising from the Trustee's compliance with the directions of the Investment Manager.

4. <u>No Duties Other Than Compliance With Directions</u>. The Trustee shall be neither under a duty to question any directions of the Committee, Investment Manager or Participant, nor to review any securities or other property constituting Trust assets with respect to which the Committee, Investment Manager or Participant has investment responsibility, nor to make any suggestions to the Committee, Investment Manager or Participant in connection with such assets. The Trustee shall not be liable, in any manner or for any reason, for the making or retention of any investment pursuant to such direction, nor shall the Trustee be liable for its failure to invest any or all of the Trust funds in the absence of such directions. The Trustee shall, as promptly as possible, comply with any directions given by the Committee, Investment Manager or Participant.

5. <u>No Duty to Investigate</u>. During such period or periods of time, if any, as the Committee, an Investment Manager or Participant is authorized to direct the Trustee, the Trustee shall have no obligation to determine the existence of any conversion, redemption, exchange, subscription, or other right relating to any securities purchased of which notice was given prior to the purchase of such securities; and it shall have no obligation to exercise any such right unless the Trustee is informed of the existence of the right and is instructed to exercise such right, in writing, by the Committee, the Investment Manager or Participant, as the case may be, within a reasonable time prior to the expiration of such right.

6. <u>No ERISA Liability</u>. The Trustee shall not be liable under Section 405(b) of ERISA for following any instructions of the Committee that are referred to in Section 403(a)(1) of ERISA.

7. <u>No Impermissible Investments</u>. Neither the Committee, any Investment Manager nor Participant shall direct the purchase, sale or retention of any Trust assets if such directions are not in compliance with the applicable provisions of the Code and ERISA and any regulations or rulings issued thereunder.

D. <u>Combination with Assets of Other Trusts</u>. The Trustee may combine the Trust assets for investment purposes with the assets of any other trusts established by the Employer pursuant to the provisions of any qualified employee benefit plan. In such

-5-

WH_MDL_00000354

event, the Trustee shall keep separate records of the amounts allocable to each such fund. The Trustee shall have full power and authority to transfer Trust assets to any bank, trust company or savings and loan association, including the Trustee or any of its affiliates, licensed to do business in the state in which the Sponsoring Employer maintains its principal place of business, as trustee of any investment fund or funds consisting exclusively of assets of pension and profit-sharing trusts. In such event, the instrument or instruments creating and governing such fund or funds shall become a part hereof as fully as if set forth at length herein. Trust assets invested in said fund or funds shall be held and administered by the trustee thereof strictly in accordance with the terms and under the powers granted in said instrument or instruments.

E. Qualifying Employer Securities or Real Property. Unless permitted under ERISA, the Trustee shall neither invest in any security issued by the Employer which is not a "Qualifying Employer Security," as defined in this Paragraph E, nor in any real property which is leased to the Employer which is not a "Qualifying Employer Real Property" as defined in this Paragraph E. Unless the Plan is a profit-sharing plan, stock bonus plan or employee stock ownership plan, no investment of any Trust assets shall at any time be made in any Qualifying Employer Security if by reason of such investment the aggregate fair market value of all Qualifying Employer Securities (and Qualifying Employer Real Property) held in the Trust immediately after such investment shall exceed 10% of the then fair market value of the Trust assets. A profit-sharing plan, stock bonus plan or employee stock ownership plan may invest all Trust assets in Qualifying Employer Real Property and Qualifying Employer Securities, unless limited by provisions of the Plan. A "Qualifying Employer Security" means stock of the Employer and any bond, debenture, note, certificate, or other evidence of indebtedness of the Employer which is a "marketable obligation" as defined in Section 407(e) of ERISA. "Qualifying Employer Real Property" means qualifying real property as defined in Section 407 of ERISA.

F. Participant Directed Accounts. If, pursuant to the provisions of the Plan relating to this Trust, the Participants are empowered to direct and manage the share of the Trust assets held in their Accounts, then the Trustee shall, upon written direction from the Committee, segregate assets representing the value of a Participant's Accounts under the Plan to allow the Participant to manage the investment of those assets attributable to his or her Accounts within the limitations set forth in the Plan. The Trustee shall have no obligation to invest or otherwise manage assets earmarked for a Participant's Accounts until written notice is received from the Committee terminating the Participant's power to direct the investment of his or her Accounts. Following the death of a Participant, any rights and obligations of a Participant with respect to his or her directed Accounts may be held and assumed by his or her Beneficiary to the extent permitted under the terms of the Plan.

1. Participant Direction. A Participant shall exercise his or her investment rights by directing the Trustee or its authorized representative, either directly or through an investment manager appointed by the Participant, to enter into investment transactions. The Trustee shall ensure that the Participant receives written confirmation of his or her investment directions, when so requested by the Participant. At all times, the Trustee shall hold title to all investments held in the Participant's segregated

-6-

CONFIDENTIAL

WH_MDL_00000355

Accounts. The Trustee shall have no duty to oversee the Participant's investments; provided, however, that the Participant shall be precluded from investing in collectibles as defined in Section 408(m) of the Code. Neither the Trustee nor any other fiduciary shall be liable or responsible in any way for any losses or other unfavorable results arising from the Trustee's compliance with the Participant's directions with respect to the assets segregated in his or her Accounts.

2. <u>Limitations on Participant Direction</u>. The Trustee may decline to implement any investment direction that the Trustee determines does not comply with rules and procedures established by the Committee. The Trustee may decline to implement any investment direction that the Trustee determines (if implemented):

(a) would result in a prohibited transaction;
(b) would jeopardize the Plan's tax qualified status;
(c) would not be in accordance with Plan documents;
(d) would generate unrelated business taxable income;
(e) could result in a loss exceeding the Participant's account balance; or
(f) would cause the indicia of ownership of plan assets to be outside the jurisdiction of the district courts of the United States, other than as permitted under ERISA Section 404(b) and its regulations.

G. <u>Indicia of Ownership; Foreign Assets</u>. Except as otherwise permitted by regulation, the Trustee shall not maintain the indicia of ownership of any Trust assets outside the jurisdiction of the District Courts of the United States.

H. <u>Loans to Participants</u>. If permitted under the terms of the Plan, the Committee shall direct the Trustee to make a loan or loans to a Participant, or a beneficiary of a Participant, in accordance with the provisions governing such loans in the Plan.

IV.    <u>POWERS OF THE TRUSTEE</u>

A. <u>General Powers</u>. Subject to the provisions of Article III of this Agreement and any other limitations contained in this Agreement, the Trustee shall have all the powers necessary to hold in trust and administer all Trust assets including, but not by way of limitation, the power:

1. To invest and re-invest Trust assets and to purchase or acquire and retain for the account of the Trust such properties as people of prudence, discretion and intelligence purchase for their own account, in accordance with the standards set forth in Article XII of this Agreement. The assets purchased, acquired and retained by the Trustee for investment may include, but not by way of limitation, every kind of property, real, personal and mixed and interests therein, specifically including, but not by way of limitation, government obligations, corporate obligations of every kind, preferred and common stocks (including the stock of a corporate Trustee), buy and sell call and put options, and limited partnership interests, all in a manner conforming with the then existing law.

-7-

2. In making such investments, the Trustee shall take into consideration any income tax effects resulting from investments yielding unrelated business taxable income.

3. To lease Trust assets for terms within or beyond the term of the Trust, for any purpose, including exploration for and removal of gas, oil and other minerals; and to enter into community oil leases, pooling and unitization agreements.

4. To abandon any real or personal property which the Trustee shall deem to be worthless or not of sufficient value to warrant keeping or protecting; to abstain from the payment of taxes, water rents, assessments, and the expenses of repairs, maintenance and upkeep of any such property; to permit any such property to be lost by tax sale or other proceedings, or to convey any such property for a nominal consideration or without consideration.

5. To remove all or any part of the Trust assets and to transfer the place of administration of the Trust to any location outside of the state in which the Sponsoring Employer maintains its principal place of business, provided it is within the United States of America.

6. To collect and receive the income of the Trust and any and all money, securities and other property, or any kind or nature due, owning or belonging to the Trust.

7. To deposit, hold and invest, without liability for interest thereon, any monies in any bank, trust company, or savings and loan association, including the Trustee or any of its affiliates including, without limitation, through purchase of or investment in, savings accounts, checking accounts, certificates of deposit and bankers acceptances. Notwithstanding the foregoing, any such investment in or purchase through the Trustee or any of its affiliates shall bear a reasonable rate of interest during such time as the Trustee is the fiduciary for the investment and management of the Trust assets so invested.

8. To sell, exchange or otherwise dispose of any securities or other property at any time or times and on such terms and conditions as the Trustee may deem appropriate, and to contract or grant options for the purchase, exchange or other disposition thereof.

9. To exercise, respecting bonds, shares of stock and other securities, all of the rights, powers and privileges of an owner, including holding securities in its own name (or in the name of a nominee with or without disclosure of the Trust), voting, giving proxies, making payments of costs, assessments or other sums deemed by the Trustee as expedient for the protection of the Trust, exchanging securities, selling or exercising subscription rights, exercising conversion rights, consenting to, and participating in foreclosures, reorganizations, consolidations, mergers, liquidations, pooling agreements and voting trusts, and assenting to corporate sales, leases and encumbrances.

-8-

CONFIDENTIAL

WH_MDL_00000357

10. To extend the time of payment of any obligation at any time owing to the Trust; to deposit any securities or other property with any protective, reorganization, or similar committee, to delegate discretionary powers to any such committee, and to pay and agree to pay a portion of the expenses and compensation of any such committee and any assessments levied with respect to any such securities or other property so deposited.

11. To borrow money and to issue promissory notes evidencing any such borrowings or advances and to secure the repayment of such borrowings by mortgage, deed of trust, or pledge of any securities or other property constituting trust assets; and to pay and discharge any indebtedness of the Trust or any lien or other charge against the Trust.

12. To enforce any mortgage, deed of trust, pledge or other security interest held to secure Trust loans, and to purchase at any sale thereunder any property subject to such encumbrances.

13. To sue or defend in connection with any and all securities or other property at any time received or held by or for the Trust, and all costs and attorney's fees in connection therewith shall be charged against the Trust.

14. To settle, compromise or submit to arbitration any claims, debts or damages due or owing to or from the Trust; to commence or defend legal proceedings for or against the Trust; and to represent the Trust in all proceedings in any court of law or equity or before any other body or tribunal.

15. To create reserves of cash or other assets of the Trust for the payment of expenses, or for distributions pursuant to the Plan, or for any other purposes in connection with this Agreement.

16. To employ agents, including without limitation, investment advisors, appraisers, attorneys (including counsel for the Employer) and accountants and to rely on advice given by them.

17. To loan Trust assets on reasonable terms and interest rates securing such loans with adequate security.

B. **Multiple Trustees**.  Unless otherwise provided in the Plan, a power vested in two or more Trustees may only be exercised by their unanimous action.

## V.   BOOKS AND RECORDS

The Trustee shall keep accurate and detailed accounts of all investments, receipts and disbursements, and any other transactions engaged in on behalf of the Trust; and all accounts, books and records relating thereto shall be open to inspection at all reasonable times by the Committee or its designated representative.

-9-

WH_MDL_00000358

## VI.    VALUATIONS AND ACCOUNTINGS

As soon as administratively feasible after the Valuation Date, within 60 days after the removal or resignation of any Trustee and whenever so requested in writing by the Committee, the Trustee shall value the Trust assets and shall file with the Committee a written accounting reflecting the fair market value of the assets and liabilities of the Trust and the receipts and disbursements of the Trust since the last statement filed with the Committee. If the Trustee, in making any such valuation, determines that the Trust consists, in whole or in part, of property not traded freely on a recognized market, or that information necessary to ascertain the fair market value of any Trust assets or liabilities is not readily available to the Trustee, the Trustee may request the Committee to instruct the Trustee as to such fair market value for all purposes under the Plan; and in such event, the fair market value determined by the Committee shall be binding and conclusive.  If the Committee fails or refuses to instruct the Trustee as to such fair market value within a reasonable time after receipt of the Trustee's request, the Trustee shall take such action as it deems necessary or advisable to ascertain such fair market value, including the retention of such counsel and independent appraisers as it considers necessary; and in such event the fair market value determined by the Trustee shall be binding and conclusive. Except for the Trustee's negligence, willful misconduct or lack of good faith, upon the expiration of 90 days from the filing of such accounting, the Trustee shall be forever released and discharged from all liability and accountability to anyone with respect to the propriety of its acts or transactions as set forth in such accounting, unless written objection is filed with the Trustee within said 90 day period by any person interested in the Trust.

## VII.    LIFE INSURANCE

As directed in writing by the Committee and subject to such direction, the Trustee shall have the following powers and duties with respect to any investments in life insurance and annuity contracts:

A. Application; Policy.  The Trustee may apply for a policy or policies of life insurance and/or annuity to be issued on the life of any Participant in an amount to be determined by the Committee on a non-discriminatory basis; provided, that the aggregate of premiums with respect to each such Participant must comply with the provisions of the Plan relating to life insurance at any particular time.  Any policy shall be of a form customarily used for employee benefit trusts, issued by any legal reserve life insurance company selected by the Committee and qualified to do business in the state in which the Sponsoring Employer maintains its principal place of business. Each such policy shall be a contract between the insurance company and the Trustee and shall be owned and held by the Trustee as an asset of the Trust.

B. Exercise of Rights  The Trustee may exercise any rights and options provided by any such policy or permitted by the issuing insurance company with respect to such policy, including the right to change any provision which shall become operative upon the termination of employment of any Participant.  When a Participant's employment is terminated by retirement, Total Disability, death or otherwise, the Trustee may convert such policy into an annuity contract or cash for the benefit of the Trust or shall, at the

-10-

                                                                                    WH_MDL_00000359

written direction of the Committee, assign and deliver the policy to the Participant or his or her Beneficiary.

C. <u>Premiums</u>.  At the written direction of the Committee, the Trustee shall pay the premiums on any policy held in the Trust out of Trust assets.  The Trustee shall apply dividends in reduction of premiums.  Any dividends payable with respect to any policy as to which there shall be no further premiums due shall be paid in cash to the Trustee and added to the Trust.

D. <u>Beneficiary Designation</u>.  At the written direction of the Committee and subject to the provisions of the Plan relating to life insurance, the Trust shall be designated as the beneficiary under any such policy.

E. <u>Liability of Insurance Company</u>.  No insurance company which issues any policy as provided above shall be a party to this Agreement, or have any responsibility for the validity of this Trust.  The liability of any such insurance company shall be only as provided in any policy which it may issue.  Any insurance company shall be fully protected from all liability in accepting premium payments from the Trustee and in making payments to or on the direction of the Trustee, without liability as to the application of such payments.  Such insurance company shall be fully protected in dealing with the Trustee as the sole owner of policies held under this Trust, and it shall not be liable in assuming that the Trust has not been amended or terminated until notice of any amendment or termination of the Trust has been received by the insurance company at its home office.  No amendment of the Trust shall deprive the insurance company of any protection except as to policies issued by it after receipt at its home office of notice of the terms of such amendment.  The insurance company shall be fully protected in dealing with the Trustee according to the latest notification received by it at its home office.

VIII.    DISTRIBUTIONS

A. <u>In General</u>.  The Trustee shall from time to time, at the written direction of the Committee, make a distribution from the Trust to such persons, in such manner (that is, in cash or in kind), in such amounts and for such purposes as may be specified in such directions.  Any such directions shall be signed by a majority of the then members, or by any such person or persons as may be from time to time designated by the Committee acting by a majority of its members.  The Trustee shall incur no liability for any distribution made by it pursuant to the direction of the Committee, and the Trustee shall be under no duty to inquire as to whether any distribution directed by the Committee is made pursuant to the provisions of the Plan.  The Trustee may make any cash distribution by mailing its check for the amount of such distribution, and may make any in kind distribution by mailing such property, to the person to whom such distribution is to be made at the address furnished by the Committee, or if no such address shall have been furnished, to such person in care of the Employer at its principal office.

B. <u>Payments Before Notice of Event</u>.  Until the Committee shall receive written notice of any birth, marriage, death, or any other event upon which the right to payments from this Trust may depend, the Committee shall incur no liability to persons

-11-

WH_MDL_00000360

whose interests may have been affected by the event for disbursements made in good faith.

C. <u>Payments to Missing Persons</u>.  If the Trustee is unable to effect delivery of any distribution to the person or entity entitled to receive it, it shall so advise the Committee and the Committee shall determine the method of distribution or forfeiture of such benefit in accordance with the Plan provisions and shall so instruct the Trustee.

D. <u>Death of Participant</u>.  Upon the death of a Participant, the Committee may, but need not, require the personal representative of the Participant's estate and/or the Beneficiary to furnish proof of death and such tax release forms as are deemed appropriate by the Committee prior to making any payment of death benefits.

E. <u>Income Tax Withholding</u>.  Distributions to any Participant or his or her Beneficiary shall be subject to any applicable tax withholding rules, including without limitation those set forth in Section 3405 of the Code and the Treasury Regulations promulgated thereunder.

F. <u>Distributions to Incompetent Persons</u>.  The Committee may direct the Trustee to distribute the benefits of any Participant pursuant to the instructions of any person named by such Participant in a durable power of attorney which, on its face, appears to be valid and enforceable, or a court-appointed legal guardian or conservator of such Participant.

G. <u>Qualified Domestic Relations Orders</u>.  Notwithstanding anything to the contrary contained herein, the Committee may direct the Trustee to make distribution to a Participant's Spouse or former Spouse in accordance with a Qualified Domestic Relations Order and in accordance with the terms of the Plan.

## IX.    <u>RESIGNATION OR REMOVAL AND APPOINTMENT OF TRUSTEE</u>

Any Trustee may resign at any time upon the giving of 60 days' written notice to the Employer, and any Trustee may be removed by the Employer at any time upon the giving of 60 days' written notice to all Trustees.  Such 60-day period may be reduced by mutual agreement between the Employer and Trustee.  The resignation or removal shall become effective upon the expiration of such 60 day period or an earlier date agreed to by the Employer and Trustee and thereupon the Employer shall, if there was but a sole Trustee, or may, if there was before such resignation or removal at least two Trustees, appoint a successor Trustee or Trustees which may be a corporation, one or more individuals or a combination thereof.  Upon failure of the Employer to appoint a successor Trustee by the effective date of the resignation or removal, the Board shall become successor Trustee until another successor is appointed.  Any successor Trustee shall have the same rights, powers and duties as he would have had as an original Trustee.  In addition to the foregoing, with the consent of the Trustee, the Employer may appoint a co-Trustee or co-Trustees.

-12-

CONFIDENTIAL

## X.    TAXES, EXPENSES AND COMPENSATION OF THE TRUSTEE

A. <u>Taxes</u>.  The Trustee shall deduct from and charge against the Trust assets any taxes paid by it which may be imposed upon the Trust or the income of the Trust or which the Trustee is required to pay with respect to the interest of any person in the Trust, in which latter event the deduction and charges shall be against the Account or Accounts of such person.

B. <u>Expenses; Compensation</u>.  The Trustee shall not receive any compensation, or other form of remuneration, for its services.  The Trustee shall have the power to pay out of the Trust assets all reasonable expenses of administration including, without limitation, fees paid to accountants, actuaries, appraisers and attorneys.

## XI.    IRREVOCABILITY; AMENDMENT AND TERMINATION

Except for such amendments that are permitted under this Article XI, the Trust created under this Agreement is irrevocable.  However, the Employer may terminate this Trust at any time without the consent of the Trustee or any beneficiary, and the Trust may be amended at any time by written agreement of the Employer and the Trustee; provided, however, that except in accordance with the provisions of the Plan and this Trust, such termination or amendment may not (i) deprive any Participant, any former Participant or the joint annuitants of any such Participant, or their personal representatives or designated Beneficiaries, of any interest which has vested under the terms of the Plan, nor (ii) cause or permit any portion of the Trust assets to be diverted to purposes other than for the exclusive benefit of the Participants, the former Participants and their joint annuitants, or their personal representatives or Beneficiaries, and defraying reasonable administrative expenses, nor (iii) cause or permit any portion of the Trust assets to revert to or become the property of the Employer unless required under the terms of the Plan.  Further, the Employer may at any time in its sole and absolute discretion discontinue making contributions to the Trust.

## XII.    STANDARD OF CONDUCT OF FIDUCIARIES

A. <u>Fiduciaries</u>.  Each member of the Board and of the Committee and any other person to whom any fiduciary responsibility with respect to the Plan or Trust is allocated or delegated shall discharge his or her duties and responsibilities with respect to the Plan and Trust in accordance with the standards set forth in Section 401(a)(1) of ERISA and Paragraph B of this Article XII.

B. <u>Fiduciary Duties</u>.  Subject to Sections 403(c) and (d), 404(c), 4042, and 4044 of ERISA, a fiduciary shall discharge his or her duties with respect to the Plan solely in the interest of the Participants and Beneficiaries and:

1. For the exclusive purpose of:

-13-

CONFIDENTIAL    WH_MDL_00000362

(a) Providing benefits to Participants and their Beneficiaries;

(b) Defraying reasonable expenses of administering the Plan;

2.  With the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

3.  By diversifying the investments of the Plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and

4.  In accordance with the documents and instruments governing the Plan insofar as such documents and instruments are consistent with the provisions of this title.

-14-

CONFIDENTIAL

WH_MDL_00000363

## XIII.  MISCELLANEOUS

A. Request for Instructions.  In addition to instructions relating to valuations, at any time the Trustee may, by written request, seek instructions from the Committee on any matter and may await the written instructions from the Committee without incurring any liability whatsoever.  The Trustee shall be fully protected and shall have no liability for acting in accordance with such instructions.  If at any time the Committee fails to give instructions to the Trustee, the Trustee may act, and shall be protected in acting without such instructions, in such manner as in its discretion seems appropriate and advisable under the circumstances for carrying out the purposes of this Trust.

B. Liability of Trustee.  In addition to any other limitations on liability set forth in the Agreement, the Trustee shall not be liable for any losses which may be incurred with respect to the Trust, except to the extent that such losses shall have been caused by its negligence, bad faith or willful misconduct, and the Trustee shall be fully protected for actions taken or not taken pursuant to the provisions of this Agreement.

C. Controversy.  If any controversy arises with respect to this Trust, the Trustee shall, subject to the provisions of ERISA or the Code, take action as directed by the Committee or, in the absence of such direction, as it deems advisable in that circumstance.

D. Joinder of Parties.  In any action affecting this Trust, only the Trustee, the Committee, and the Employer shall be joined as parties, and no Participant or other persons having any interest in this Trust shall be entitled to any notice or service of process unless otherwise required by law.  Any judgment entered in such action shall be binding on all persons claiming under this Trust.  Nothing in this Agreement shall be construed as to deprive a Participant of the right to seek adjudication of his or her rights under ERISA.

E. Spendthrift Provisions.  Except with respect to a Participant loan or a Qualified Domestic Relations Order, neither the Employer nor the Trustee shall recognize any transfer, mortgage, pledge, hypothecation, order or assignment by any Participant or Beneficiary of all or any part of his or her interest under the Trust.  Any attempt by a Participant or Beneficiary to assign, alienate, sell, transfer, pledge or encumber his or her benefits shall be void.  A Participant's or Beneficiary's interest shall not be subject in any manner to transfer by operation of law, and shall be exempt from the claims of his or her creditors or other claimants (including but not limited to, debts, contracts, liabilities or torts) from all orders, decrees, levies, garnishments and/or executions and other legal or equitable process or proceedings against such Participant or Beneficiary to the full extent which may be permitted by law.

F. Diversion of Assets Prohibited.  Except as provided in Paragraphs C and D of Article II of this Agreement, no portion of the Trust assets shall revert to or become the property of the Employer or be diverted to purposes other than for the exclusive benefit of Participants, former Participants or their joint annuitants, or their personal representatives or Beneficiaries, and defraying reasonable administrative expenses.

-15-

CONFIDENTIAL

WH_MDL_00000364

G.    Gender and Number.  As used in this Agreement, the masculine, feminine or neuter gender, the single or plural number, and the use of the collective shall each be deemed to include the others whenever the context so indicates.

H.    Applicable Law; Severability.   This Agreement shall be construed and enforced in accordance with ERISA and the Code, to the extent applicable, and otherwise in accordance with the laws of the state in which the Sponsoring Employer maintains its principal place of business.  If any provision of this Agreement is held invalid or unenforceable, such invalidity or unenforceability shall not affect any other provisions; and this Agreement shall be construed and enforced as if such provision had not been included.

I.    Headings.  Headings used in this Agreement are inserted for convenience or reference only and any conflict between such headings and the provision of this Agreement shall be resolved in favor of the provisions.

J.  Inapplicability of Certain Provisions If Plan is Not an ERISA Plan. Notwithstanding any other provision of the this Agreement, at such times that the Plan is not an "employee benefit plan," within the meaning of Section 3(3) of ERISA, or is not subject to Part 4 of Title I of ERISA,  Paragraphs B,C, E, F and G of Article III, the entirety of Article XII, and any reference to ERISA in this Agreement shall be inapplicable, and the Trustee shall have the authority to direct the investment and management of Trust assets."

K.  Successor Trustee(s).  If the trustee(s) of this trust is/are unable or refuse to serve for any reason whatsoever,  then _____ is/are nominated to serve as successor trustee(s).    *[Please fill in the blank]*

This Agreement is entered into this  1st  day of  February , 20 13 .

RJM Capital LLC

By: _____
Richard J Markowitz

Trustee:

Richard  J Markowitz
_____

-16-

CONFIDENTIAL

WH_MDL_00000365