UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SKATTENFORVALTNINGEN,<br><br>                     Plaintiff,<br><br>vs.<br><br>ROADCRAFT TECHNOLOGIES LLC ROTH 401(K) PLAN, RONALD ALTBACH, MICHAEL BEN-JACOB, ROBERT KLUGMAN, RICHARD MARKOWITZ, RAK INVESTMENT TRUST, and ROUTT CAPITAL TRUST,<br><br>                     Defendants. | Civil action No. 19-cv-01812<br><br>Honorable Lewis A. Kaplan |

## DECLARATION OF RONALD ALTBACH

I, RONALD ALTBACH, declare under penalties of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an individual defendant in the bellwether case, *Skatteforvaltningen v. Roadcraft Technologies LLC Roth 401(K) Plan, et al.,* No. 19-cv-01812-LAK (S.D.N.Y.), ECF No. 62 ("Roadcraft Amended Complaint"). I submit this declaration in support of my Motion for Partial Summary Judgment on Counts I, II and VI in the Roadcraft Amended Complaint. I have personal knowledge of the matters set forth herein, and if called upon to do so, could testify competently to them.

The Opportunity

2. In or about June 2014, I learned of an opportunity from my friend John van Merkensteijn ("JVM"). Based on the rudimentary description that JVM provided to me, I understood that the opportunity involved transactions that involved pension plans.

3.  In or around the same time, JVM introduced me to lawyers at the law firm Kaye Scholer LLP ("KS" or the "Firm"). I understood at that time that KS was responsible for, among other tasks, forming the entities and Roth 401K plans for such entities, opening bank accounts, preparing agreements and otherwise documenting the opportunity. I met with the Firm to discuss the opportunity. Although I cannot recall whether I met with the KS lawyers on more than one occasion, I do recall one meeting during which I was asked to sign a bunch of signature pages. Today, I am unable to recall the nature of the documents for which I was provided the signature pages.

The Roadcraft Technologies LLC and Roth 401(K) Plan

4.  The Roadcraft Technologies LLC (the "Roadcraft LLC") was formed by KS and, thereafter, I was informed that I had become a member of the LLC. I then was instructed to open a bank account for the Roadcraft LLC and to fund the bank account in a nominal amount, which I did.

5.  After the Roadcraft LLC was established, it sponsored a pension plan, which was called the Roadcraft Technologies LLC Roth 401(K) Plan (the "Roadcraft Plan"). Other than the execution of signature pages for various documents, I had no involvement in the formation of the Roadcraft Plan. It is my understanding that I am the trustee for the Roadcraft Plan. I am the sole beneficiary of the Roadcraft Plan.

The Roadcraft Plan Limited Power of Attorney

6.  I was asked by KS to execute a Limited Power of Attorney (the "Limited POA") on or about July 23, 2014. A copy of the Limited POA is attached as Exhibit 79 to the Declaration of Nicholas S. Bahnsen, dated April 29, 2022 ("Bahnsen Decl."). That document, which I do not believe that I read at the time, states that I executed it on behalf of "entities

beneficially owned by [me] or established by [me]," including the Roadcraft Plan. The Limited POA also states that KS attorney Michael Ben-Jacob ("Ben-Jacob") would be acting as the entities' agent in connection with the establishment of the LLCs and pension plans, trading transactions, the opening of custody accounts and execution of tax reclaim agreements.

7. I did not understand then – and did not agree then – that Ben-Jacob would serve as an agent for me personally. Nor did I have any reason for such understanding because I never agreed to participate in the pension plan opportunity in my individual capacity or believed that it was even possible for me to do so. I understood only that the contemplated transactions would be engaged in by the Roadcraft Plan and my other similarly established pension plans.

8. To my knowledge, no trading in Danish securities was ever conducted on behalf of me personally.

The Roadcraft Plan Agreement with Goal and Second Power of Attorney

9. After the lawsuit against me was commenced, I learned that the Roadcraft Plan entered into an agreement with Goal Taxback Limited ("Goal"), pursuant to which Goal was to provide tax reclamation outsourcing services to the Roadcraft Plan. A copy of the agreement with Goal is attached as Exhibit 80 to the Bahnsen Decl. The agreement with Goal was signed by Ben-Jacob. I was not provided a copy of the agreement and did not discuss it with Ben-Jacob or anyone else. Until this lawsuit, I had no knowledge or awareness of the existence of Goal, much less the agreement with Goal. I have never spoken with Goal.

10. After the lawsuit against me was commenced, I also learned that the Roadcraft Plan signed a power of attorney, on or about August 22, 2014, with Goal (the "Goal POA"). A copy of the Goal POA is attached as Exhibit 81 to the Bahnsen Decl. The Goal POA identifies the Roadcraft Plan as the principal. The Goal POA was signed by Ben-Jacob. I was not

provided a copy of the Goal POA and did not discuss it with Ben-Jacob or Goal or anyone else. Until this lawsuit, I had no knowledge or awareness of the Goal POA.

11. I did not have any conversations with Ben-Jacob concerning the appointment of any other agent for the Roadcraft Plan, whether pursuant to the Limited POA or otherwise, or the delegation of Ben-Jacob's duties to another agent. I was not informed that the Roadcraft Plan had an agent or agents other than Ben-Jacob.

The Roadcraft Plan Tax Reclaim Applications

12. I have come to learn that Goal prepared and submitted tax reclaim applications on behalf of the Roadcraft Plan on November 27, 2014, April 29, 2015 and May 15, 2015 to SKAT on behalf of the Roadcraft Plan. I understand that I am being sued individually for fraud, aiding and abetting fraud and negligent misrepresentation based on statements in those reclaim applications. I never saw the tax reclaim applications and was unaware of their existence, including those submitted on behalf of the Roadcraft Plan, until well after the last application had been filed. I did not discuss the tax reclaim applications, or the contents thereof, with anyone prior to the receipt of a communication from SKAT in 2016.

13. I also never communicated with SKAT in connection with tax reclaim applications and did not authorize anyone to communicate with SKAT in connection with tax reclaim applications. To my knowledge, no reclaim applications were submitted to SKAT on behalf of me personally.

Executed on April 29, 2022

_____
RONALD ALTBACH